CLEMENT *v.* KNIGHTS OF MACCABEES OF THE WORLD.

[74 South. 287, Division B.]

1. DEATH. *Presumptions. Seven years' absence.*

   The presumption of death arising from absence for seven years without being heard of does not prove that death occurred at any particular time prior to the expiration of the seven years, and if it is essential to the case of any litigant to show that the absentee died at any particular time prior to the lapse of the seven years, the burden of proof is upon him to establish this fact by competent testimony.

2. FRATERNAL BENEFIT INSURANCE. *Burden of proof.*

   Before the beneficiary of the policy of a member of a fraternal insurance order could recover thereon, it was incumbent on her to show not only that the insured was dead, but that he died while the policy was in force.

3. FRATERNAL BENEFIT INSURANCE. *Void stipulations in policy.*

   The by-laws of a fraternal insurance association, stipulating that absence shall raise no presumption of death is invalid because in contravention of our statute and the public policy expressed therein.

APPEAL from the circuit court of Lauderdale county. HON. W. W. VENABLE, Judge.

Suit by Mrs. Olive E. Clement against the Knights of the Maccabees of the World. From a judgment for defendant, plaintiff appeals.

Appellant, as the widow of Jeff L. Clement, now presumed to be deceased, brought this action to recover the sum of two thousand dollars, the amount of the benefit certificate held by the deceased in the Order of Knights of the Maccabees of the World, a fraternal insurance order. For the purposes of this opinion it is unnecessary to state the terms or provisions of the certificate. The declaration in part averred:

"Plaintiff avers that said Jeff L. Clement is dead, that he departed this life somewhere between the dates of Au-

gust 13, 1906 and August 13, 1913, the exact time and
place is unknown to plaintiff.

"Plaintiff alleges in this connection that the said Jeff
L. Clement, while being her husband and the father of her
children, left his home the 1st day of August, 1906, and
has never returned; that the last time she heard from
or of him was by letter on the day of August 13, 1906;
that she has made repeated search and inquiry for him
at various and divers times, but has been unable to get
any track of him.

"Plaintiff alleges that under the laws of the state of
Mississippi, Code 1906, the said Jeff L. Clement is pre-
sumed to be and is dead, he having absented himself from
this state, or concealed himself in this state successfully,
without being heard of in a period of seven years."

The case was tried upon an agreed statement of facts.
From the pleadings and agreed statement it appears that
Mr. Clement left his home in Mississippi August 1, 1906,
and went to Texas. A few days thereafter his wife re-
ceived a letter dated Bridgeport, Tex., August 13, 1906.
This is the last message Mrs. Clement ever received
from her husband. She continued to pay the monthly
insurance dues until October, 1912, when she discon-
tinued payment, and in November, 1912, Mr. Clement
was suspended from the order for nonpayment of dues,
and was never thereafter reinstated. Certain pro-
visions of the benefit certificate are to the effect that
if any member absconds, removes, or departs from his
home or last place of residence, and remains away
for a period of one year, and does not report to the
record keeper of his tent shall thereby forfeit his
membership and certificate; that no one shall pay the
monthly dues for a member who has departed; and
section 289 of the policy expressly provides that ab-
sence shall raise no presumption of death. One of
the contentions of appellee is that the policy was for-
feited for nonpayment of dues. The court granted a
peremptory charge in favor of appellee as defendant

in the lower court below, and from the judgment entered thereon appellant prosecutes this appeal.

*Jacobson & Brooks,* for appellant.

It is the contention of the appellee that the seven years from the day that Jeff L. Clement was last heard of, did not run out until Aug. 13, 1913, and that on Nov. 1, 1912, and within the seven years, Jeff L. Clement was suspended under the laws of the order for non-payment of assessments, and had never been reinstated, as the assessments were paid on his policy up to Nov. 1, 1912, and not thereafter.

It is our contention that relying upon section 1914 of the Code of 1906, that it was encumbent upon plaintiff below, to wait until seven years had elapsed before bringing this suit, as the suit is based upon that statute, and that under section 391 of the by-laws which is shown on page 4, of the appellee's brief, this suit was instituted within the required time under said statute, as is also shown in the agreed statement of facts that request was made for blank proof of death, as shown by pages 20 and 21, of the record, so that the question is now reduced down to the contention of the appellee, as to whether or not the said Jeff L. Clements, was suspended for non-payment of dues, during seven years of absence, and whether the same was applicable in this case. Certainly, the insured would not have to pay any assessments after the death of Jeff L. Clements, and we contend that the presumption of death statute, relied upon herein, does not determine the date of Jeff L. Clements death. The question as to the time of his death should have been submitted to the jury under all the facts and circumstances of the case. We were denied this right by the peremptory instruction given by the court, to find for the defendant, on the ground that section 1914, of the Code of 1906, did not apply in this case, but was abrogated or nulli-

fied by the by-laws of the appellee, which point was discussed in full in our original brief.

In the case of *Behlmer* v. *Grand Lodge, A. O. U. W.*, reported in 26 L. R. A. (N. S.), page 305, the question was that on Sept. 15, 1882, the society issued its benefit certificate to one Fred Behlmer, husband of respondent, where it is provided that two thousand dollars should be paid to respondent, as beneficiary at his death. Behlmer paid the assessments until July 17, 1901, when he left his home and was never heard of thereafter, respondent paid the assessments until July 20, 1908; respondent's attorneys requested the appellant to furnish blank forms upon which to make proofs of the husband's death. The request was refused on the ground that appellant was not liable on the certificate. Action was commenced on the 12th day of Oct., 1908. The facts of the disappearance of Fred Behlmer, was submitted to the jury, and they found that he died sometime before July 29, 1902.

The question in that case was, assuming that the insured died within one year from the date of his disappearance and therefore, stopped payment of assessments, on that account, the beneficiary did not surrender her rights to produce proof of death, within reasonable time, after such proof was available.

"The question before the court then turns upon whether the respondent was compelled to act upon the evidence of death available at the time, she stopped payment, or whether it was permissible for her to avail herself of all the circumstances surrounding the case, not only prior to July 29, 1902, but in addition thereto, evidence growing out of the presumption arising from seven years' absence of the insured. If she was limited by the terms of the contract to the evidence before her, at the time she stopped payment, then in our opinion she failed to present proof within reasonable time, but if under any permissible construction of the contract, she had the privilege of waiting until the presumption of death arose, before submitting proof of the death, then she offered to

present proofs and commenced this case, within reasonable time, after such presumption accrued, and the action is not barred.''

It was also held in that case that in an action brought by the beneficiary on the certificate for the death of his life, his relationship to his family, and the circumstances of his disappearance, together with the fact that he had not been seen or heard from for a period of seven years, constituted evidence sufficient to justify the jury in finding that the insured died before the 29th day of July, 1902.

In other words, the above case has points in it very much like the case at bar, that owing to the presumptive statute, the appellant in this case could not demand proof of death, or bring action until after seven years had elapsed since the disappearance of Jeff L. Clement, but as to fixing the date of his death, this should have been determined by the jury, upon the evidence in the case. *Butler* v. *Supreme I. O. F.,* 26 L. R. A. (N. S.), page 293.

''Presumption of death arising from an unexplained absence for seven years does not necessarily imply that the absent person died at the end of that period. Circumstances may be introduced to show the date of his death at an earlier date and raise a presumption of death prior to the end of the seven years' absence.'' *Winter* v. *Supreme Lodge, Knights of Pythias,* 96 Mo. App. 1, 69 S. W. 662.

''The jury are entitled to find as a matter of fact, that a person died within a much less period than seven years, since he was last heard of, on circumstantial evidence, which leads their minds to such a conclusion.'' *Smith* v. *Knowlton,* 11 N. H. 191; *Puckett* v. *State,* 1 Sneed. (Tenn.) 356; *Davie* v. *Briggs,* 97 U. S. 628, 24 Law Ed., 1086. See, also, extended note, presumption of death, page 198, Volume 104, American State Report, section 2, (page 202 of said report.)

In the case of *Spears* v. *Burton,* 31 Miss. 547, cited in the brief of appellee, the very question as to the date of the death of the person in a case where the presumptive

statute was in issue was put up to the jury by the instruction given by the court, and the jury decided that the man was alive until the lapse of five years after his departure.

It is thus shown that this decision is not in conflict or out of harmony with authorities here cited. We respectfully submit and show by the only assignment of error, that the lower court erred in giving this peremptory instruction, and thus prohibited the jury from passing upon matter which was in their province to pass upon. We reiterate that section 1914, of the Code of 1906, is the law of this case and that the case should have been submitted to the jury, for them to determine upon the fact as to whether or not Jeff L. Clement was dead, and the date of his death, and that date would determine whether or not he had forfeited any of his rights under the policy, by his non-payment of dues, after November 1, 1912.

We would further respectfully submit for reasons assigned in our original brief that this case should be reversed and remanded.

*Baskin & Wilbourn,* for appellee and A. J. Calhoun.

This court in the case of *Brame* v. *Insurance Co.,* decided January 29, 1917, holds that the statute raises no presumption as to the date of death. The authorities that so declare also hold that the burden is on him who avers death at a date within the period to prove it, and our court so holds in the *Brame case, supra,* in evidence. Those cases that hold that the statute presumes death as of the expiration of the seven years, also allow this presumption to be overcome by proof of earlier death. See 8 Ruling Case Law, Title, Death, sections 57, 78. In all the cases the presumption of life continues until the expiration of the period, unless overcome by proof, or overridden by some other presumption, and the presumption of death does not prove death any earlier than the expiration of the seven years, unless there are circumstances in proof other than mere disappearance and search from which an earlier death might be inferred. But in this case

there is neither allegation nor proof of death prior to the admitted suspension of Clement in November, 1912. Indeed the counter-notice filed by appellant, record page 11, responding to appellee's notice that it would prove such suspension, simply reads as follows:

"Plaintiff will show on the trial, of this cause, that the insured was a member, in good standing of defendant's organization when the presumption of death arose from his absence, in accordance with the law of the state of Mississippi."

There is therefore, no pleading or proof that deceased died prior to November 1, 1912, the date of his admitted suspension under the laws of the order; and even if there were, there is no case cited in brief, nor actually in the books, holding under facts similar to those in case at bar that death at any date short of the expiration of the seven years was established. The strongest case cited or in the books on the question as to sufficient evidence of proof of death at an earlier date is, *Butler* v. *Supreme I. O. F.,* 26 L. R. A. (N. S.), 293, but there was a dissenting opinion in that case, and the facts are fuller and stronger than those in case at bar and show the age, circumstances, habits, reputation of deceased and his family relationship. In a reply brief filed February 5, 1917, counsel state that *Behlmer* v. *Grand Lodge,* 26 L. R. A. (N. S.), 305, is very similar to this case on question of proving death at an earlier date than the expiration of seven years. But in that case there was proof of the character of the insured, the manner of his life, his relationship to his family and the circumstances of his disappearance; not so here. Counsel are in error in assuming that Clement's letter supplies all these elements of proof as we have already endeavored to show.

The cases cited, and digested in the authorities by counsel all show that the burden of proving death before suspension on November 1, 1912, was on appellant; that there must be some evidence other than mere disappearance, search and absence for seven years, to establish an earlier death; and certainly that such earlier death must

also be alleged of course. The Apitz case cited in our brief in chief is the law on the facts of this case. See also especially *Donovan* v. *Major,* 97 N. E. 231, especially at page 232, and *Murphy* v. *Ins. Co.,* 155 N. Y. S. 1062. Counsel addressed their whole brief in chief to the proposition that the by-law relied on was void. In reply brief they, for first time, asserted that they should have been allowed to go to the jury on a supposed issue as to date of death. We submit that this is not the law under the facts of this case; and that even if the statute applied, the peremptory instruction was correct for failure to allege and prove, circumstantially or otherwise, death before suspension of Clement.

But the court we submit under the authorities cited in our brief in chief may not declare the statute invalid as violative of public policy.

"Contracts are presumptively legal and may not be declared violative of public policy except in cases free of doubt. *Tobacco Society* v. *Gillespie,* 100 N. E. 89.

Extreme caution is to be exercised in declaring these violative of public policy. *R. R. Co.* v. *Benzley,* 45 So. 761.

Stevens, J., delivered the opinion of the Court.

The solution of one question will dispose of this appeal. There is no agreement or proof that Jeff L. Clement died at any particular time. It is only by virtue of a legal presumption that he can be regarded as dead. He was last heard of August 13, 1906, and the seven-year period did not expire until August 13, 1913. Since the latter date the law presumes him dead, but the presumption does not prove that death occurred at any particular time prior to the expiration of seven years. There are here no circumstances or testimony tending to establish death on any particular date. The presumption of life is strong, and in this case this presumption of the continuance of life is overcome not by any actual proof of death, but solely by the statutory presumption of death. The law found it necessary to fix some period of time at which one who had been continually absent should be regarded as dead, an arbitrary time by which the rights of the living growing

out of relationship to the deceased could be determined. The possession and devolution of property must be determined, statutes of limitations applied, and other rights adjudicated. There is a hopeless conflict of authority as to whether or not the presumption of death from absence raises any presumption of the precise time of death. We regard the great weight of American authority as holding that in the absence of evidence to the contrary the life of an individual of the common age of man would be regarded as continuing until overcome by the statutory presumption of death, or, in other words, if it is essential to the case of any litigant to show that the absentee died at any particular time prior to the lapse of the seven years, the burden of proof is upon him to establish this fact by competent testimony. Just what proof in this regard would be essential need not be here indicated. In the instant case there are no special circumstances of any kind from which death at any particular time could be inferred. So it is that in the instant case Mr. Clement was suspended in November, 1912, for nonpayment of dues and his policy thereby lapsed.

Before appellant could recover, it was incumbent upon her to show not only that the insured was dead, but that he died while the policy was in force. This burden she failed to meet. The peremptory charge was therefore properly given. While the case of *New York Life Ins. Co. v. Mrs. Sue S. Brame,* 73 So. 806, recently decided in this court, presented different issues, many authorities on the point here discussed are referred to by Judge SYKES in the opinion in that case. Other authorities will be found listed in the note to *Butler* v. *Supreme Court, I. O. F.* (Wash.), 101 Pac. 481, 26 L. R. A. (N. S.) 293.

What we have said upon the question of forfeiture renders it unnecessary to discuss the other question argued— whether the by-law of appellee stipulating that absence shall raise no presumption of death is invalid because in contravention of our statute and the public policy expressed therein.

*Affirmed.*