[No. 12281.  Department Two.  February 4, 1915.]

FANNIE GAMER, *Appellant*, v. FRED C. SCHLENTZ,

*Respondent.*[1]

APPEAL—REVIEW—GRANT OF NEW TRIAL—DISCRETION.  The discretion of the trial court in granting a new trial upon conflicting evidence as to whether the jurors were guilty of misconduct in agreeing to be bound by the result of a quotient verdict, will not be disturbed on appeal, where it cannot be said that the evidence preponderates against the finding of the trial judge.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered June 1, 1914, granting a new trial, after the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile.  Affirmed.

*Frank H. Kelley* and *Ralph Woods*, for appellant.

*Burkey, O'Brien & Burkey*, for respondent.

MORRIS, C. J.—Appeal from an order granting a new trial.  The order in question granted a new trial generally, but counsel for appellant urges that it was made solely upon the ground of misconduct of the jury in reaching a quotient verdict, and seeks to have us review the order as if so made; contending that the lower court, upon the facts before it as shown in affidavits made by certain of the jurors, erred in its ruling and should have held that there was no misconduct in the particulars urged by respondent.  In other words, appellant contends that the lower court reached a wrong conclusion upon a question of fact.  The motion for a new trial was made upon several grounds, and the order granting the same, as above indicated, was general in its nature.  Whether we review the order as a general order, or particularize it as counsel for appellant would have us, the result is the same. In granting motions of this character, trial courts are vested

[1]Reported in 146 Pac. 166.

by the statute with a peculiar discretion—a discretion resting in the trial court and not in this court—and which we have often said will not be interfered with by us except for its clear abuse. *Brown v. Walla Walla*, 76 Wash. 670, 136 Pac. 1166, where the cases so holding are collated. This discretion was here exercised in reviewing sharply controverted questions of fact, which, having been determined by the lower court, will be accepted here unless we can say that the evidence preponderates the other way. We cannot so say. Some statements in these affidavits clearly indicate a quotient verdict. Others, greater in number, deny it. Preponderance or weight of evidence is not always with the greater number of witnesses. The verdict was for $2,008, and it is admitted by all of the jurors who make affidavits that this amount was the quotient derived by dividing by twelve the sum of the amounts individual jurors considered proper; the only disputable question being whether or not the jurors in advance agreed to be bound by such a result. The lower court has found in favor of respondent, and not being satisfied that it was error so to do, the judgment is affirmed.

Crow, Ellis, Fullerton, and Main, JJ., concur.