[No. 12138.  *En Banc*.  June 21, 1915.]

HARRY H. CLARK, *Respondent*, v. A. C. ELLINGTON *et al.*, *Appellants*.[1]

APPEAL AND ERROR—REVIEW—DISCRETION—GRANT OF NEW TRIAL. Under Rem. & Bal. Code, §§ 398, 399, authorizing a new trial after a trial by a jury, court, or referees and the setting aside of the verdict or other decision, it is discretionary to grant a new trial in an action at law tried to the court, which discretion will be reviewed only for abuse, where questions of law only are not involved.

NEW TRIAL—MOTIONS—RECORD. The purported denial of a motion for a new trial, before the motion was made or the findings entered or signed, does not preclude a motion for a new trial within the statutory time which did not commence until the findings were filed.

Appeal from an order of the superior court for King county, Humphries, J., entered March 10, 1914, granting a

¹Reported in 149 Pac. 350.

new trial, after a judgment entered upon findings in favor of the defendants, in an action in tort, tried to the court. Affirmed.

*James G. Raley* and *Otis W. Brinker*, for appellants.

*Green & Chester*, for respondent.

Parker, J.—The plaintiff seeks recovery from the defendants for personal injuries claimed to have resulted to him from their negligence. The case was, by consent of the parties, tried before the court without a jury. Findings of fact and conclusions of law entitling the defendants to a judgment of dismissal and for their costs were made by the court and filed on February 28, 1914. Formal judgment was entered accordingly on the same day. Thereafter, on March 2, within the time allowed by statute, counsel for the plaintiff moved for a new trial upon all of the statutory grounds, save those relating to excessive or inadequate assessment of damages, which, of course, were not applicable to such a decision. This motion was, after argument thereon by counsel for the respective parties, granted by the court, and an order entered accordingly granting the plaintiff a new trial. The defendants have appealed from this order.

Our statute contemplates the granting of a new trial "after a trial and decision by a jury, *court*, or referees," and that "the former verdict or *other decision* may be vacated and a new trial granted" for certain enumerated statutory causes. The italics are ours. Rem. & Bal. Code, §§ 398, 399 (P. C. 81 §§ 727, 729). The granting of a motion for a new trial, except when involving questions of law only which necessarily. are determinative of the rights of the parties, is within the discretion of the trial court. In view of the provisions of our new trial statute above noticed, we are unable to see that the exercise of this discretion by a trial court is any more subject to our control when the decision in a case is rendered by the court than when it is rendered by a jury.

The record brought here in this case does not affirmatively show such an abuse of discretion by the trial court as warrants our interference with the order granting a new trial. The order granting a new trial does not recite the grounds upon which it is rested by the trial court, and we cannot say, from the record before us, that respondent should be denied a new trial under any possible view of the case.

Some contention is made by counsel for appellants that the motion for new trial granted by the court was a second motion for new trial, and that a former one made by respondent had been by the court denied. Counsel, upon this assumption of fact, invokes the rule that the disposition of one motion for new trial exhausts the court's power to interfere, by motion for new trial, with the decision of the jury. or the court, as the case may be; citing *Burnham v. Spokane Mercantile Co.*, 18 Wash. 207, 51 Pac. 363, and *Coyle v. Seattle Elec. Co.*, 31 Wash. 181, 71 Pac. 733. There appears in the clerk's minutes of February 28, the day of making the findings and rendering the judgment, the following:

"Motion for new trial is denied. Exception allowed. Findings of fact and conclusions of law are signed. Judgment is signed."

There is nothing else in the record indicating that any such motion had been made.

We are satisfied from the record that, at the time of the court's rulings, as evidenced by the above quoted journal entry, there had not been any motion for new trial made in behalf of respondent. Indeed, it was not until the making of the court's decision in the form of findings and conclusions that the time for making a motion for new trial had arrived. The trial court could not thus deprive respondent of his right to the benefit of a motion for new trial made within the statutory time following the making of the findings and conclusions; hence the court's ruling, purporting to deny a motion for new trial before any such motion was made, was of no

effect as against respondent. This, manifestly, was recognized by the court upon the hearing of the motion for new trial made after the decision.

The order granting respondent a new trial is affirmed.

ALL CONCUR.