[No. 12656.  Department One.  June 25, 1915.]

KLAUS WIK, *Appellant*, v. T. J. KING *et al.,· Respondents.*[1]

APPEAL—REVIEW—DISCRETION—GRANTING NEW TRIAL.  The granting of a new trial for insufficiency of the evidence is discretionary, and will not be reviewed on appeal except for abuse of discretion.

Appeal from an order of the superior · court for King county, Smith, J., entered October 5, 1914, granting a new trial, after the verdict of a jury rendered in favor of the plaintiff, in an action in tort.  Affirmed.

*Garland & McLean,* for appellant.
*Daniel Landon,* for respondents.

PER CURIAM.—Appeal from an order granting a new trial. The motion was based upon the several statutory grounds. After the hearing of the motion, the court entered the following order:

"Ordered that the motion for new trial be, and the same is hereby sustained.  To which plaintiff excepts."

We have so often said—it ought not to be necessary to again repeat it—that in entering orders of this character trial courts are, by statute, vested with a peculiar discretion— a discretion vested in the trial court and not in this court— and one which, when exercised, will not be interfered with except for its manifest abuse. · *Brown v. Walla Walla,* 76 Wash. 670, 136 Pac. 1166.

· ·The evidence in this case was so conflicting as to suggest to the trial court that some one was guilty of perjury.  In

[1]Reported in 149 Pac. 640.

reviewing such evidence, the holding of the lower court will be accepted by us unless we can say that the evidence preponderates the other way. *Gamer v. Schlentz,* 84 Wash. 37, 146 Pac. 166. Not being able to so say, the discretion of the trial court will not be interfered with, and the judgment is affirmed.