[No. 13006.   Department Two.   March 15, 1916.]

THE CITY OF EVERETT, *Respondent*, v. T. D. PHILLIPS,
*Appellant*.[1]

CRIMINAL LAW—APPEAL—REVIEW—VERDICT.   A conviction of driving an automobile while intoxicated cannot be set aside as based only on conclusions of the witnesses as to the accused's condition, where the evidence contra was equally in the nature of opinions and there was a conflict in the evidence.

CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.   Upon a conviction of driving an automobile while intoxicated, newly discovered evidence that, observed shortly before the accident, "he gave no indications of being intoxicated," is merely cumulative, and not ground for a new trial.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered February 13, 1915, upon a trial and conviction of violating a city ordinance. Affirmed.

*S. A. Bostwick*, for appellant.

*Jesse H. Davis*, for respondent.

HOLCOMB, J.—Appellant was convicted of driving an automobile while intoxicated in violation of ordinance No. 1,531 of Everett, within that city.

There is ample evidence to support the verdict of the jury, but appellant contends that he should have been granted a new trial upon the ground that the conflict of testimony between the witnesses was only a conflict of opinions, and that the only proper conclusion to be drawn from all the evidence was that "from the acts and conduct of appellant he had complete control of himself and of the automobile which he was driving."

Whether the statements of the witnesses as to appellant were conclusions or not, they were as positive for respondent

[1]Reported in 155 Pac. 1059.

that he was intoxicated as they were by his own witnesses that he was not. The jury resolved this conflicting evidence against appellant and, there having been no misdirection of the jury, there is no escape from the verdict.

Nor is there any error in the refusal of the court to grant a new trial upon the affidavits of two persons, not produced at the trial and not then known to appellant as having knowledge of the facts, that, ten or fifteen minutes before the collision which occasioned the arrest of appellant, each saw and observed him for some minutes and that he then "gave no indications of intoxication." Such newly discovered evidence was merely cumulative, and the court having exercised his discretion in regard thereto and found no justification for a new trial, we shall not. *State v. Bridgham*, 51 Wash. 18, 97 Pac. 1096; *State v. Fateh-Mohamed*, 76 Wash. 462, 136 Pac. 676; *State v. Gay*, 82 Wash. 423, 144 Pac. 711.

No error. Judgment affirmed.

MORRIS, C. J., PARKER, MAIN, and BAUSMAN, JJ., concur.