[No. 13124. Department Two. March 15, 1916.]

GEORGE PAPPAS, *Respondent*, v. E. C. DAILEY, *Appellant*.[1]

APPEAL—REVIEW—GRANT OF NEW TRIAL—DISCRETION. An order granting a new trial on general grounds cannot be set aside on appeal where the court may have properly exercised its discretion on the point of the sufficiency of the evidence, which was conflicting.

APPEAL—RECORD—STATEMENT OF FACTS—AFFIDAVITS. An order granting a new trial cannot be reviewed on appeal where the affidavits used were not brought up by bill of exceptions or statement of facts.

Appeal from an order of the superior court for Snohomish county, Alston, J., entered February 3, 1915, granting a new trial, after the verdict of a jury rendered in favor of the defendant, in an action to recover personal property. Affirmed.

*Clifford Newton* and *E. C. Dailey*, for appellant.

*S. A. Bostwick*, for respondent.

BAUSMAN, J.—Defendant's appeal from an order setting aside a verdict in his favor. Why the learned judge directed a new trial, we are not advised by the record. Several statutory grounds were presented to him, but we have no indication as to which moved him, because his order was general. With his discretion we are unable to interfere, for if we should consider its exercise on the point of sufficiency of evidence to justify the verdict, we are confronted with a conflict of witnesses, and though, on the mere face of things, defendant appears entitled to the verdict, there is no such overwhelming preponderance one way as would justify us in substituting our opinion for that of the trial judge. As to the other grounds, these were in part accompanied by affidavits which have not been made part of the statement of facts, and under familiar rulings of this court, are not authenti-

[1]Reported in 155 Pac. 1059.

cated by the lower court as having been actually presented; but even if we should consider them, we do not find in them basis for reversal on abuse of discretion.

The order is affirmed.

MORRIS, C. J., PARKER, MAIN, and HOLCOMB, JJ., concur.