[No. 13040. Department Two. April 1, 1916.]

VULCAN MANUFACTURING COMPANY, *Respondent*, v.
PACIFIC SEA PRODUCTS COMPANY, *Appellant*.[1]

APPEAL—REVIEW—FINDINGS. Findings upon conflicting and evenly balanced oral testimony will not be disturbed on appeal.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered April 9, 1915, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Winfield R. Smith*, for appellant.

*Fred W. Llewellyn*, for respondent.

PARKER, J.—The plaintiff seeks recovery of the purchase price of twenty harpoons, specially manufactured by it for defendant. Trial in the superior court without a jury resulted in findings and judgment in favor of the plaintiff, from which the defendant has appealed.

There are presented to us upon this appeal questions of fact only. These have reference to (1) the quality and

[1]Reported in 156 Pac. 400.

weight of the harpoons as compared with the sample furnished to respondent as a pattern; (2) the terms of the contract, which was oral, as to the agreed time for the completion of the harpoons; and (3) the completion of the last ten harpoons within the agreed time, which last ten appellant refused to accept because, as claimed by it, they were not completed within the time limited by the contract. The trial court determined all of these questions in respondent's favor, and did so in the light of testimony nearly all of which was oral and in sharp conflict upon all of these questions. We have reviewed the evidence with great care, as found in the record, and are unable to say that it does not preponderate in support of the conclusion reached by the learned trial judge. Reading the evidence in cold typewriting leads us to regard it as fairly evenly balanced, rendering it very difficult to determine on which side it preponderates as to each of these questions. This, in view of the trial court's opportunity to see and hear witnesses testify, furnishing him much better opportunity to weigh the testimony of each witness, induces us to conclude that we should not disturb his disposition of the cause in respondent's favor.

There is some evidence which seems to be uncontradicted, pointing to the fact that the harpoons manufactured by respondent were not exactly in all particulars like the sample furnished by appellant as a pattern. These differences are, however, very slight, and we think not such as would require the trial court, in the light of all the evidence, to say that there was not a substantial compliance with the contract in this respect. We think that the doctrine of substantial compliance, in the light of all the evidence as heard by the trial court, warranted it in deciding in respondent's favor. In any event, we cannot see our way clear to decide otherwise.

The judgment is affirmed.

MORRIS, C. J., MAIN, and HOLCOMB, JJ., concur.

BAUSMAN, J., took no part.