[No. 14115.  Department Two.  January 11, 1918.]

FRED FUNK, *Respondent*, v. J. I. HORROCKS, *Appellant*.[1]

APPEAL—REVIEW—NEW TRIAL—DISCRETION.  The granting of a new trial for insufficiency of the evidence is discretionary and will not be disturbed for abuse of discretion where the evidence is in substantial conflict upon one or more of the issues.

Appeal from an order of the superior court for King county, Ronald, J., entered December 16, 1916, granting a new trial, after a verdict rendered in favor of the defendant, in an action for assault and battery.  Affirmed.

*Robert F. Booth* and *A. J. Falknor*, for appellant.

HOLCOMB, J.—This appeal is from an order granting respondent a new trial, after the verdict of a jury against him and in favor of appellant upon conflicting evidence, the grounds of the motion being that the evidence was insufficient to justify the verdict and was against the law; error in law occurring at the trial and excepted to at the time; and that the verdict was contrary to the law and the evidence.  No appearance or argument on the part of respondent is made here upon the appeal.  The action of respondent was for damages for an alleged assault and battery.  Appellant denied the allegations of the complaint, and further pleaded justification, the use of lawful force, and great provocation.

Without detailing the nature of the affair or the cause leading up to it, looking to the cold printed record, if we were sitting as jurors we think we would decide that it discloses, by an overwhelming weight of evidence, great provocation, justification, and lawful force by appellant.

We are unaware of the precise ground considered by the trial judge as requiring a new trial.  We have examined the instructions and they seem to be correct in form and pro-

[1]Reported in 169 Pac. 805.

priety and strictly applicable to the issues and facts in the case. No error occurring at the trial and excepted to at the time is pointed out or apparent. The order must, therefore, have been based upon insufficiency of the evidence to justify the verdict. Upon this, while we have not had the advantage of seeing the witnesses and hearing them testify and of judging their credibility and virtue, upon the record thereof and a long-distance consideration of the conduct of the respondent on the day in question, and his general offensive ' and ruffianly disposition and demeanor as disclosed by the testimony, we should be very decidedly inclined to disagree with the view that the evidence was in any respect insufficient, but would, on the contrary, be emphatically of the opinion that it was overwhelmingly sufficient to justify the verdict.

However, there was a decided conflict in the evidence upon the chief issues. Appellant recognizes the rule that, with an order granting a new trial, where the motion is based upon several grounds, the court does not specify the exact grounds upon which it is granted, and it does not appear to have been granted solely upon questions of law, the appellate court will not interfere unless there has been a clear abuse of discretion. Notwithstanding that acknowledged rule, appellant contends upon the record here that the granting of a new trial was, in legal effect, an abuse of discretion.

We have repeatedly held that the granting of a new trial is within the discretion of the trial court, and his ruling will not be disturbed on appeal where no abuse of such discretion appears. *Clark v. Ellington,* 86 Wash. 110, 149 Pac. 350; *Caughren v. Kahan,* 86 Wash. 356, 150 Pac. 445; *Wik v. King,* 86 Wash. 171, 149 Pac. 640; *Langley v. Devlin,* 87 Wash. 592, 151 Pac. 1134; *Pappas v. Dailey,* 90 Wash. 285, 155 Pac. 1059; *Payzant v. Caudill,* 90 Wash. 250, 154 Pac. 170; *Everett v. Phillips,* 90 Wash. 269, 155 Pac. 1059; *Vulcan Mfg. Co. v. Pacific Sea Products Co.,* 90 Wash. 439, 156 Pac. 400; *Hawn v. Yakima County,* 93 Wash. 87, 160 Pac. 7; *Marshall v. Dunn,* 93 Wash. 156, 160 Pac. 298;

*Sturtevant Co. v. Fidelity & Dep. Co.*, 92 Wash. 52, 158 Pac. 740, L. R. A. 1917C 630.

In the case last cited, we held that, where the evidence is in substantial conflict upon any controlling issue in the case, it cannot be said that there is any abuse of discretion by the trial court in granting a new trial on the ground that the verdict is against the evidence. Hence, much as we are inclined to disagree with His Honor, the trial judge, as to the weight of the evidence, the discretion to be exercised judicially was initially his, and possibly his greater advantage in weighing the evidence at close range guided his discretion and his judgment. At all events, we do not feel justified in declaring that his order was the result of a clear abuse of discretion.

Unfortunate as it may be for the appellant to be forced to submit to continued litigation of the cause, we see no escape therefrom. Order affirmed.

ELLIS, C. J., MOUNT, CHADWICK, and MORRIS, JJ., concur.