[No. 14252. Department Two. February 18, 1918.]

HENRY NELSON, *Respondent*, v. WASHINGTON WATER POWER COMPANY, *Appellant*.[1]

APPEAL—REVIEW—NEW TRIAL—DISCRETION. The discretion of the trial court in granting a new trial for insufficiency of the evidence will not be disturbed on appeal except for abuse of discretion.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered March 5, 1917, granting a new trial, after sustaining a motion for nonsuit, in an action for personal injuries sustained through collision with a street car. Affirmed.

*Post, Russell, Carey & Higgins,* for appellant.
*Losey & Newton,* for respondent.

CHADWICK, J.—Plaintiff brought this action to recover for personal injuries sustained in a collision between one of defendant's street cars and a wagon driven by plaintiff. At the conclusion of plaintiff's evidence, the trial judge sustained a motion for a nonsuit. Plaintiff moved for a new trial, and the trial judge, being of the opinion that the motion for a nonsuit should have been denied, entered an order granting a new trial. From this order, defendant has appealed.

We cannot say, as a matter of law, that there is no evidence, or presumption, or inference arising out of the evidence, tending to show that the negligence of the defendant was not the proximate cause of the accident. In matters of this kind, it is the duty of the trial judge to pass upon the weight and sufficiency of the evidence. It is the settled rule of this court, established by an unbroken line of decisions, that we will not interfere unless there appears to have been a plain abuse of discre-

[1]Reported in 169 Pac. 896.

tion.   See *Funk v. Horrocks,* 99 Wash. 397, 169 Pac. 805, and cases therein cited.

From a careful reading of the record, we are satisfied that there was no such abuse.  As no evidence was introduced by the defendant, we cannot tell what the issues may be on a new trial, and therefore refrain from a discussion of the facts.  As the case now stands, such discussion would be of no benefit and might confuse the issues.

Affirmed.

ELLIS, C. J., MOUNT, and HOLCOMB, JJ., concur.