[No. 22100. Department One. August 15, 1930.]

T. H. McKay, *Trustee in Bankruptcy, et al., Appellants,*
v. General Accident, Fire and Life Assurance
Corporation, Limited, *Respondent.*[1]

[1]Reported in 290 Pac. 820.

*Martin F. Smith* and *T. H. McKay,* for appellants.
*Theodore B. Bruener* and *Thomas S. Grant,* for respondent.

TOLMAN, J.—Appellant, by this action, seeks recovery upon a policy of burglary insurance issued under date of June 21, 1926, to Edward M. Reiner. The case was tried to the court sitting without a jury, resulting in a judgment dismissing the action. The plaintiff has appealed.

The judgment appealed from is based upon findings of fact made by the trial court, and respondent now moves to strike the statement of facts for want of sufficient exceptions to the findings. From the transcript it appears that both parties presented to the trial court their proposed findings of fact; and on the same day and as one transaction, the court signed the findings proposed by the respondent and refused the findings proposed by the appellant. In an attempt, apparently, to comply with the statute, Rem. Comp. Stat., § 383, the court indorsed upon the findings proposed by the appellant the following:

"Foregoing proposed findings No. 1—7 refused and exception allowed as to each one and plaintiff also excepted to findings proposed by defendant given by court No. 1—7 and exception allowed to each of said findings. March 29, 1929."

While the statement of facts does not purport to cover what took place at the time the findings were signed, the form of indorsement made by the court indicates clearly that oral exceptions were then taken to each finding as made by the court as well as to the

failure to make each finding proposed by the appellant; and the court and opposing counsel were fully informed as to each particular fact or issue of fact for which appellant was contending. To hold the exceptions insufficient, under these circumstances and conditions, would be too harsh a ruling and might result in injustice. We think under the rule approved in *Hill Syrup Co. v. Marine National Bank*, 128 Wash. 509, 223 Pac. 595, and the cases there cited, that the motion to strike must be and it is denied.

The policy sued upon by its terms covers all of the property of the insured kept in a certain described safe located in a particular store then conducted by the insured. Some months after the issuance of the policy, the business was incorporated under the name of Reiner Jewelry Co., Inc.; and Reiner then drew and delivered to the corporation a bill of sale which, by its terms, describes "all of the stock of merchandise consisting of watches, diamonds, jewelry, sporting goods," etc., as well as the store fixtures, lease and good will of the business theretofore carried on by him. The testimony rather clearly and without dispute shows that, in addition to the mounted diamonds constituting a part of the regular stock in trade, Reiner had, for some years, dealt in loose or unmounted diamonds, and that at the time of the transfer to the corporation he retained and kept the loose diamonds which he then had on hand and afterwards continued as an individual to so deal in unmounted diamonds, keeping them at all times in an inner compartment of the safe to which no one save himself had access; and that, at the time of the burglary, he had in the safe loose diamonds of the value of upwards of five thousand dollars.

Not only Reiner, but apparently all of the other officers, stockholders and employees of the corporation,

testified rather clearly to the same effect, and that the corporation never had or claimed to have any interest in, title to, or right of possession to any such loose diamonds, further than that, when the corporation had a customer for such a diamond as Reiner might have on . hand, he was approached, his price was fixed, and the diamond delivered to the corporation for the purpose of making a sale. If a sale was effected, Reiner was paid his price and the balance received from the customer went into the corporation's cash as its profit on the transaction. If no sale was made, the diamond was returned to Reiner and replaced with the others in the safe. There was no testimony to the contrary.

The trial court seems to have been of the opinion that the bill of sale was sufficiently clear and unambiguous in its terms so as to be conclusive upon the question and not open to explanation by oral testimony; that, therefore, title to the loose diamonds passed to the corporation by the bill of sale and such loose diamonds were no longer covered by the policy. But the court did permit the appellant to introduce the testimony already referred to in order to make a record for this court.

Were this an action between the parties to the instrument, it might, perhaps, be held that the bill of sale was so far unambiguous in its description of the property conveyed that the rule as to oral testimony should apply; but that rule has no application in an action such as this where one of the parties is a stranger to the instrument, and this exception is as well settled as the rule itself. *Vancouver National Bank v. Katz,* 142 Wash. 306, 252 Pac. 934, and cases there cited.

There being no finding by the trial court that the witnesses testified falsely, and there being nothing in the record to cast discredit upon the main and essential features of the testimony to the effect that the

loose diamonds remained at all times the property of the insured, we must perforce hold that the policy was in full force and effect as to such diamonds kept in the safe at the time the burglary occurred.

■ The respondent seeks to raise other defenses not specifically passed upon by the trial court. (1) That the policy described the business of the insured as a "jewelry store" and the merchandise covered as "jewelry and merchandise usual to a jewelry store," while, in fact, the business carried on was, in part at least, that of a loan office or pawn shop, and the merchandise carried was at least in part pledges or unredeemed pledges; and (2) that the policy became void under its terms because the risk was materially changed without the consent of the insurer, in that the storeroom was, after the corporation came into existence, no longer occupied solely by the insured.

But our statute, Rem. Comp. Stat., § 7078, provides that no misrepresentation made in procuring insurance shall avoid the policy unless made with intent to deceive, so, since there is no substantial evidence to sustain the idea that the insured concealed his pawn brokering and dealing in unredeemed pledges for the purpose of deceiving, or, that the business as actually carried on increased the risk, we cannot hold that the policy was thereby avoided.

The form of policy was so prepared that, by the filling in of blanks, it might be made to cover several different items. As actually written, this policy covered only certain property while contained in a specified safe to which the evidence shows the insured alone had access. We cannot assume that the joint occupancy of the store room by the corporation enhanced the risk. The burden was on the insurer to establish that an increase of the risk had thus been caused, but

we find nothing in the evidence tending to support such a conclusion.

While the evidence is not wholly satisfactory as to the number and value of the loose diamonds burglariously taken from the safe, there seems to be enough to warrant a recovery to the extent of three thousand dollars insurance provided by the policy.

The judgment is reversed with directions to enter judgment in favor of the appellant and against the respondent as herein indicated.

MITCHELL, C. J., FULLERTON, BEALS, and MILLARD, JJ., concur.

[1]Reported in 290 Pac. 859.