[No. 22679.   Department Two.   December 30, 1930.]

CHAS. W. JOHNSON et al., Appellants, v. MARGARET CARLSON, Respondent.[1]

*Chas. W. Johnson,* for appellants.
*Robert D. Hamlin,* for respondent.

FULLERTON, J.—This is an appeal from an order vacating a judgment and granting a new trial, entered in an action tried by the court sitting without a jury.

The action was founded upon certain executory contracts relating to the transfer of real property. The appellants, who were plaintiffs in the court below, alleged a breach of the conditions of the contracts, and sought certain specific relief, praying, in the alternative, for such relief as the court should deem meet and equitable. The respondent, defendant below, took issue on the allegations of the complaint, and sought specific relief, by way of an affirmative answer. Denials were interposed to the affirmative matter in the

[1]Reported in 294 Pac. 569.

answer, and a trial had. Under the date of March 1, 1930, the trial court filed its findings of fact and conclusions, denying the specific relief sought severally by the parties, and, as an alternative relief to the plaintiffs, awarded them a judgment against the defendant in the sum of $1,883.40. Under the same date, it entered a judgment in accordance with its findings.

Within two days after the entry of the judgment, the defendant moved for a new trial, stating the grounds therefor in the following language:

"(1). Error in the assessment of the amount of recovery in that the same is too large by the amount of said judgment, the plaintiffs being entitled to no recovery whatsoever.

"(2). Insufficiency of the evidence to justify the verdict and judgment of the court, and that the same is against the law.

"(3). Error in law occurring at the trial and excepted to at the time by this defendant."

The trial court, after a hearing, granted the motion by a general order, without specifying the particular ground on which it was rested. It is from this order that the present appeal is prosecuted.

The appellants' first contention is, if we have correctly gathered their meaning, that the motion for a new trial, here interposed, suggests only errors of law, and that a new trial is not the remedy afforded for errors of this sort in an action tried by the court sitting without a jury. But if we were to concede that the motion invoked no element of discretion, we could hardly accept the conclusion drawn therefrom. Our holding has been to the contrary. In *State ex rel. Payson v. Chapman,* 35 Wash. 64, 76 Pac. 525, the action was one of equitable cognizance, tried by the court sitting without a jury, in which a judgment was entered. The defeated party moved for a new trial within the statutory period, which motion the trial

court denied. A controversy arose over the settlement of a statement of facts, and an original writ was sought from this court. In opposition to the granting of the writ, the respondent contended that a motion for a new trial would not lie in such a situation. We held to the contrary, saying, after citing the applicable sections of the statute, that the cited sections "clearly give to a litigant the right to file a motion for a new trial," and that "no distinction is made between cases tried by a jury, and cases tried by the court sitting without a jury." See, also, *Gibson v. Gibson*, 67 Wash. 474, 122 Pac. 15; *Clark v. Ellington*, 86 Wash. 110, 149 Pac. 350. It is perhaps unnecessary to add that, in cases too numerous to require citation, we have held that it was within the power of the court to grant a new trial in cases tried by a jury for errors of law occurring at the trial.

But we cannot concede that the motion of the respondent in this instance invoked no element of discretion. It will be remembered that the court did not grant the specific relief demanded by the appellant, but, in lieu thereof, awarded a money judgment. One of the grounds of the motion is error in the assessment of the amount of the recovery, which is a statutory ground for a new trial. Rem. Comp. Stat., § 399. This, manifestly, is a discretionary ground on which the court can grant a new trial in a case tried by a jury, and since the same rule obtains in a case tried by the court, it must follow that it could in its discretion grant a new trial for this cause. The case of *Clark v. Ellington, supra,* is directly in point. In that case we said:

"Our statute contemplates the granting of a new trial 'after a trial and decision by a jury, *court,* or referees,' and that 'the former verdict or *other decision* may be vacated and a new trial granted' for certain enumerated statutory causes. The italics are

70

ours. Rem. & Bal. Code, §§ 398, 399 (P. C. 81, §§ 727, 729). The granting of a motion for a new trial, except when involving questions of law only which necessarily are determinative of the rights of the parties, is within the discretion of the trial court. In view of the provisions of our new trial statute above noticed, we are unable to see that the exercise of this discretion by a trial court is any more subject to our control when the decision in a case is rendered by the court than when it is rendered by a jury.''

The appellants have brought the entire record of the trial in the court below into this court, and contend that it shows no dispute in the facts, and that it was an abuse of discretion on the part of the trial court to grant a new trial on the ground of error in the assessment of the amount of recovery. On this question it is sufficient to say that we have examined the record, and do not draw the same conclusion from it that the appellants have drawn.

The order appealed from is affirmed.

MITCHELL, C. J., TOLMAN, BEALS, and MILLARD, JJ., concur.