[No. 23226. Department One. June 4, 1931.]

T. H. McKAY, *as Trustee, et al., Appellant,* v. GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LIMITED, *Respondent.*[1]

[1]Reported in 299 Pac. 987.

*Martin F. Smith* and *T. H. McKay,* for appellant.

*Thomas S. Grant* and *Whittemore & Truscott,* for respondent.

HOLCOMB, J.—Upon the original trial of this case in the court below, judgment was rendered in favor of defendant dismissing the cause of action of plaintiff, from which plaintiff appealed. That judgment was reversed, and judgment ordered to be entered in favor of plaintiff and against defendant therein as prayed for in the complaint. *McKay v. General Accident, Fire & Life Assurance Corporation, Limited,* 158 Wash. 207, 290 Pac. 820.

Thereafter, respondent moved for a rehearing and for leave to apply to the trial court for a new trial on the ground of newly discovered evidence which could not have been discovered before the original judgment was appealed from, which was supported by affidavits presented to this court. The application for a rehearing was denied, but respondent was granted leave to move for a new trial in the trial court. Thereafter, respondent filed in the lower court its motion for a new trial supported by affidavits. Appellant filed a number of counter-affidavits.

At the hearing upon the motion for a new trial upon the grounds of newly discovered evidence, the trial judge made certain observations during colloquies between him and the attorney for appellant, by reason of which appellant insists that the trial judge exercised no discretion whatever in passing upon the affidavits and counter-affidavits, but took the view that a new trial had been practically ordered by the order of this court. While some statements were made by the trial

judge apparently indicating that he felt compelled to grant the motion because of the order of this court, nevertheless the order of the trial court is general. The order, filed on December 26, 1930, reads:

"This cause coming on for hearing on motion of defendant for a new trial, and the same being argued by counsel, for both parties, and the court being fully advised in the premise, it is ordered that the said motion be and the same is hereby granted, . . . "

It is true we have held, as contended by appellant, that this court has no power to reopen a cause for further new evidence; and when we have authorized the same, after the expiration of the statutory time for such motions to be presented by reason of an appeal having been pending or some other obstacle, we have merely authorized the trial court to pass on such applications without being predetermined by this court. *In re Shilshole Avenue,* 101 Wash. 136, 172 Pac. 338; *Gudmundson v. Commercial Bank & Trust Co.,* 141 Wash. 11, 250 Pac. 348.

But we have also as consistently held that the granting or refusal of a new trial ordinarily rests in the sound discretion of the trial judge, and his action will not be disturbed unless an abuse of discretion is shown; that a much stronger showing of an abuse of discretion will ordinarily be required to set aside an order granting a new trial than one denying a new trial. *Walgraf v. Wilkeson Coal & Coke Co.,* 65 Wash. 464, 118 Pac. 343; *Funk v. Horrocks,* 99 Wash. 397, 169 Pac. 805. See, also, *Nelson v. Washington Water Power Co.,* 100 Wash. 339, 169 Pac. 896.

And where the formal order granting a new trial does not affirmatively show that it was based only on one specific ground, it cannot be claimed on appeal that other grounds assigned in the motion were not considered by the court, notwithstanding the court had,

on the day before, made an informal decision that the motion would be granted on the ground of an error in an instruction. *Morehouse v. Everett,* 136 Wash. 112, 238 Pac. 897; *Id.* 141 Wash. 399, 252 Pac. 157.

It is obvious that it cannot be here held that the trial court abused its discretion in granting the new trial.

For the reasons stated, the order of the trial court granting a new trial is affirmed.

TOLMAN, C. J., MITCHELL, MAIN, and MILLARD, JJ., concur.