[No. 18868.   Department Two.   April 7, 1925.]

WILLIAM ALBERTS, *Respondent*, v. RASHER, KINGMAN, HERRIN COMPANY, *Appellant*.[1]

PRINCIPAL AND AGENT (34, 42)—AUTHORITY OF AGENT—EVIDENCE—SUFFICIENCY. The evidence sufficiently shows that one L. was defendant's agent with authority to buy apples, where defendant's manager and L. both testified to that effect.

Appeal from a judgment of the superior court for Spokane county, Gilliam, J., entered May 24, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Burcham & Blair*, for appellant.

*Neil C. Bardsley*, for respondent.

MITCHELL, J.—This suit was brought to recover a judgment for the sale and delivery to the defendant corporation of 1,644 boxes of apples. The answer was a general denial, except that the defendant was a corporation. There have been two jury trials of this case. Each time there was a verdict for the plaintiff. On the first trial, the verdict was set aside on the motion of the defendant and a new trial granted. Upon appeal by the plaintiff, this court affirmed the order granting a new trial. *Alberts v. Rasher, Kingman, Herrin*, 128 Wash. 32, 221 Pac. 975. On the second trial, the court refused to grant a new trial. The defendant has appealed.

The assignments of error are: (1) That the trial court erred in denying the defendant's motion for judgment notwithstanding the verdict of the jury; (2) that the trial court erred in denying defendant's motion for a new trial; and (3) that the trial court erred in making and entering judgment for the plaintiff.

[1]Reported in 234 Pac. 665.

Under the assignments two contentions are made. First, that the plaintiff failed to show that one Lee, who as agent for the appellant negotiated the transaction, was authorized to make any agreement of purchase on behalf of the appellant; and second, that the transaction was by way of consignment and not sale. At the time of the transaction involved, appellant was and had been engaged in business in Spokane a number of years. Mr. Emil H. Shadle testified that appellant was engaged in the wholesale fruit and produce business and that "we buy goods outright and we also handle goods on consignment." He further testified that he was the general manager of the corporation, and that Carl B. Lee was assistant manager and had authority to buy apples. He further testified that the authority of Mr. Lee to buy apples or not in any given case was under his direction. In this case, however, the transaction occurred in the community where the appellant was engaged, among other things, in buying apples as well as taking them on consignment, and if there was any direction to Mr. Lee not to buy from the respondent, it was secret and of which the respondent was in no way advised. Mr. Carl B. Lee testified that, at the time of the transaction involved, he was assistant manager of the corporation, that he had authority to buy apples, and was buying and selling for cash and on consignment.

On the second branch of the case, that the transaction was a consignment and not a sale, there was a decided conflict in the testimony. No good purpose requires that the testimony be detailed. It presented a case for the jury. Some considerable complaint is made by the appellant that witnesses for the respondent shaded or varied their testimony in the present trial compared with what it was upon the former trial, as shown by a stenographic report of that trial which

it seems was used in questioning those witnesses in this trial. Those differences, however, were called to the attention of the witnesses, who were examined and re-examined by respective counsel in the presence of the jury. We find nothing in this respect beyond what goes to the weight of the testimony of those witnesses, which, after all, was a question for the jury.

Judgment affirmed.

HOLCOMB, MAIN, FULLERTON, and MACKINTOSH, JJ., concur.