[No. 19244.   Department Two.   July 2, 1925.]

STELLA MAE SCOTT, *by her Guardian ad Litem Nina B. Gilkey, Respondent,* v. S. F. McANALLY, *Appellant.*[1]

APPEAL (406)—REVIEW—NEW TRIAL—DISCRETION.   Where there was a conflict in the evidence, the supreme court will not disturb a general order granting a new trial, entered without specifying any of the eight general and special grounds on which it was based, although there was no error on the only point argued below, as the trial court may have been influenced by other grounds.

Appeal from an order of the superior court for Pierce county, Card, J., entered December 6, 1924, granting a new trial, after the verdict of a jury rendered in favor of the defendant, in an action for personal injuries sustained in an automobile collision. Affirmed.

*Remann & Gordon* and *Reynolds, Ballinger & Hutson,* for appellant.

*Louis J. Muscek,* for respondent.

[1]Reported in 237 Pac. 292.

MITCHELL, J.—This is a personal injury action aris-
ing out of a collision of automobiles. There was a ver-
dict for the defendant. Plaintiff's motion for a new
trial, alleging eight grounds therefor, general and spe-
cial, was granted by the court in a general order. The
defendant has appealed.

The record shows, and the appellant admits in his
brief, that there was a conflict in the evidence. Under
the oft repeated rule, we will not disturb the order in
such cases.

Because plaintiff, respondent, took written excep-
tions to instructions given and to the refusal to give
certain requested instructions, which appellant claims
were argued to the trial court on the motion and which
are brought here and argued, and because it is claimed
there was no error in the trial in either of those re-
spects, it is now insisted and argued that the order
granting the new trial should be reversed. But the
contention of the respondent in these respects, in pre-
senting the motion for a new trial in the superior court,
was made under only one of the grounds for a new
trial, and whether the trial court was influenced by its
consideration of that alone or not we have no way of
knowing. There were other grounds urged for a new
trial. The order granting it was general. We are
bound by that record, and under the uniform rule of
practice must and do affirm the order.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MACKIN-
TOSH, JJ., concur.