[No. 4272. Decided May 2, 1903.]

LEO KEE, *Appellant*, v. WAH SING CHONG *et al.*, *Respondents.*

ACTIONS — PREMATURE COMMENCEMENT — METHOD OF RAISING OBJECTION.

The objection that an action was prematurely brought must be pleaded to be available, and cannot be raised for the first time on motion for new trial.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Reversed.

*A. H. Kenyon,* for appellant.

*Saunders & Bassett* and *T. D. Rockwell,* for respondents.

PER CURIAM.—This is an action upon an attachment bond, brought by appellant against respondents. The cause was tried before a jury, and a verdict returned in favor of appellant for $300. A motion for a new trial interposed by respondents was granted on the ground, as stated in the order of the court, that the action was prematurely

brought. From the order granting a new trial this appeal
was taken.

The only error assigned is that the court set aside the
verdict and granted a new trial on the ground that the
action had .been prematurely brought. The defense that
the action was prematurely brought was .not raised in the
pleadings, and it appears to, have been suggested for the
first time on the hearing of the motion for a new trial. This
objection can not be raised for the first time after trial.
*Hickey v. Thompson,* 52 Ark. 234 (12 Š. W. 475). It
has been held that the objection must be raised by plea
in abatement, and can not be alleged as a defense on the
merits. 1 Enc. Pl. & Pr., 22. It has also been held that
a pleading to the merits is a waiver of the objection that
the action has been prematurely brought. *Fiore v. Ladd,*
29 Ore. 528 (46 Pac. 144). If it be conceded, however,
that, under our code practice, the objection may be taken
by answer, along with other defenses to the merits, yet,
in any event, it should be raised by answer of some kind.
*Smith v. Holmes,* 19 N. Y. 271.

The only ground stated in the motion for new trial
that may be said to inferentially suggest that this point
was raised even at the trial is the following: "Errors
of law occurring at the trial, and excepted to by the de-
fendants." But there is no statement of facts here, and
nothing in the record to show that the point was even
raised by way of objection to offered testimony. As we
have seen, however, if the objection to testimony had been
so made, it would have been unavailable in the absence of
a pleading upon the subject. The motion for new trial
having been expressly granted upon the one ground, we
think the court erred for reasons above stated.

The judgment is therefore reversed, and the cause re-

manded, with instructions to the lower court to deny the motion for new trial, and enter judgment upon the verdict of the jury.