[No. 8100. Department Two. August 5. 1909.]

C. H. PEALER, *Appellant*, v. GRAYS HARBOR BOOM COMPANY et al., *Respondents.*[1]

WATERS AND WATER COURSES—OBSTRUCTION—DAMAGES—JOINT LIA-BILITY—INSTRUCTIONS. Instructions authorizing a joint judgment against a driving company and a boom company for damages for obstructions causing an overflow of a stream, if the jury found that they were acting in concert, are not objectionable because of evidence tending to show injuries resulting from separate acts, where the jury were told that, if the injuries were caused by one and not the other and they were not acting in concert, they should bring in a verdict against the one that caused the injury.

APPEAL—INSTRUCTIONS—HARMLESS ERROR. Instructions as to the joint liability of a driving company and a boom company are not prejudicially erroneous from the fact that the evidence tended to show liability on the part of one company only, where both companies were owned by the same parties and under the same management.

TRIAL—ADVISORY VERDICT—GRANT OF NEW TRIAL—ERROR OF LAW. Where the question of damages is submitted to a jury in an equity case for an advisory verdict, it is error to grant a new trial for error of law in giving instructions to the jury, where the court is of the opinion that the evidence warranted the verdict.

Appeal from an order of the superior court for Chehalis county, Irwin, J., entered March 13, 1909, upon setting aside an advisory verdict of a jury and granting a new trial for error of law, in an action for an injunction and damages. Reversed.

*J. C. Cross* (*A. Emerson Cross*, of counsel), for appellant.
*Ben Sheeks* and *J. B. Bridges*, for respondents.

DUNBAR, J.—This was an action seeking to restrain defendants from overflowing plaintiff's land, and for damages. The prayer for judgment is as follows: (1) Restraining the defendants and each of them from overflowing the land of plaintiff; (2) for the sum of $1,000 damages

[1] Reported in 103 Pac. 451.

herein; (3) for costs and general relief. A jury was impaneled to try out the question of damages, as advisory to the court. The jury returned a verdict in favor of the plaintiff for $1,000 damages. Upon the return of the verdict, the plaintiff moved for judgment, and the defendants for a new trial. These two motions came on together, and the following order was made by the court:

"This case coming on for hearing on motion of the defendants and each of them for an order setting aside the verdict and granting a new trial, and the same being argued by counsel and the court being fully advised in the premises, it is ordered that the said motion be and the same is hereby granted and the verdict of the jury heretofore rendered herein is hereby vacated and set aside and a new trial granted; the reason for the granting of the new trial being that in the judgment of the court it committed error in the giving of the instructions."

The court does not state what particular instruction it was that he concluded was error; but from the argument of counsel for both respondents and appellant, it is concluded that it was the instruction in relation to the joint liability of the defendants, the respondents here. That portion of the instruction which it is maintained by the respondents was error, and which warranted the court in granting a new trial, was as follows:

"Now if you believe from a preponderance of the evidence that these defendants have been acting in concert, and that in so acting that they have caused the waters in the Humptulips river to overflow his lands and have damaged them thereby, then he would be entitled to recover damages at their hands. Now, as to what constitutes an act in concert would have to be considered by you. If you believe that these two companies are acting for a common purpose in obtaining and securing these logs for rafting, and placing them upon the market, and that that is the common purpose of both these defendants, that would be acting in or for a common purpose, and would be considered as acting in concert although they might be doing different parts of the work, and if the purpose of both of them was the common purpose of getting the

logs out of the stream to market, then that would be acting in concert, even if they were doing different parts of the work. If they were not so acting, then they would not be acting in concert, and then they would not be charged, or could not be charged jointly, with the damage, if any was done by them. If you find that they were thus acting in concert for a common purpose, and that the acts of both of them contributed to the overflowing of the plaintiff's lands, if it was caused by both of them, then that would be such an act as would make them jointly liable, and your verdict in that case would have to be against both of them for whatever sum you might find. If you find that they were not acting in concert, and that damage was done by one and not the other, if the overflow was caused by one and not the other of the defendants, your verdict should be against one which caused the damage, and not against the other. If you find that they were not acting in concert, and certain portions of the damage or overflow were caused by each one of them, and that they were not acting in concert, then your verdict should be against them separately for the amount you believe each one of them may have caused."

It is a little difficult for us to understand why this was not a correct exposition of the law. But the respondents contend that, as applied to the facts in this case, the instruction in relation to the meaning of concert of action was erroneous and misleading; that the boom is below appellant's lands, and that there was evidence that at the time the logs brought down by natural freshets were jammed in the boom, thus causing the waters to flow back upon and damage appellant's land, without any action on the part of the driving company, and that, again, there is evidence tending to show damage by the driving company alone by sending down logs on artificial freshets when the boom was clear and the boom company free from contributing to such damage or overflow; yet it is said that all the damage caused by these various and distinct propositions were included in the verdict, making one company responsible in damages for a distinct and separate act of the other. We are unable to understand

27—54 WASH.

how this could be true, in the face of the instruction of the court that it was necessary, before the jury could find against the companies jointly, that it must find that the acts of both of them contributed to the overflowing of plaintiff's land. If it was caused by both of them, then that would be such an act as would make them jointly liable. So that the state of affairs which the respondents claim the testimony shows, a question which was submitted to the jury, could not, under the instructions given by the court, have been construed by the jury to constitute a joint liability. The court was particular, after giving the instruction just quoted in regard to joint liability, to further tell the jury that, if they found that these companies were not acting in concert and that damage was done by one and not the other, that if the overflow was caused by one and not the other of the defendants, their verdict should be against the one which caused the damage and not against the other. But, in any event, there is no seeming merit in this contention, for it is alleged in the complaint that the boom company and the driving company are owned by the same parties and are under the same management, and this is not denied by the answer. So that it could make no possible difference to the respondents whether the judgment was not properly divided between the boom company and the driving company. *Mitchell v. Lea Lumber Co.*, 43 Wash. 195, 86 Pac. 405, 9 L. R. A. (N. S.) 900.

This is not the ordinary case of the interference with the discretion of the trial court in granting a new trial, for this is an equity case. The record shows conclusively that it was so understood by both appellant and respondents at the time of the trial, and that it was tried as an equity cause; and it has been uniformly held by this court that a cause will be tried here on the same theory on which it was tried below. The petition for injunction gave the court jurisdiction in equity, and it is a well established rule that, where equitable jurisdiction attaches, equity will hold the cause for all purposes. The verdict of the jury, then, was only advisory to

the court who tried the cause and advisory to this court, and if this court is of the opinion that the verdict was warranted by the testimony, it would be an idle thing to send the cause back for a retrial. The record in this case is very long, the statement of facts alone comprising some three hundred and fifty pages, and several days were employed in the trial of the cause, and a retrial would entail great expense.

The verdict being sustained by the testimony, the judgment of the court in granting the new trial will be reversed, with instructions to the lower court to grant the motion asked for by the appellant.

RUDKIN, C. J., MOUNT, CROW, and PARKER, JJ., concur.