[No. 17327.   Department One.   December 5, 1922.]

HENRY AUSTREM, *Respondent,* v. AMERICAN SAVINGS
BANK & TRUST COMPANY, *Appellant.*[1]

APPEAL (406)—REVIEW—NEW TRIAL—DISCRETION.  The granting
of a new trial for insufficiency of the evidence will not be set aside,
where it cannot be considered as a matter of law that the trial court
abused its discretion.

Appeal from an order of the superior court for King
county, Ronald, J., entered February 6, 1921, granting
a new trial, after the verdict of a jury rendered in fa-
vor of the defendant, in an action in tort.  Affirmed.

*Kerr, McCord & Ivey* and *Farrell, Kane & Stratton,*
for appellant.

*S. A. Keenan,* for respondent.

HOLCOMB, J.—In this action to recover damages for
alleged personal injuries sustained through the negli-
gence of appellant in locking him in its fire-proof and
air-tight safety-deposit vault for three hours, the jury
returned a verdict for appellant.

Upon motion therefor by respondent, the trial court
set the verdict aside and granted a new trial.  The
trial court specified two grounds upon which the new
trial was granted.  First, insufficiency of the evidence
to justify the verdict; and second, misconduct of the
jury.

On appeal, as entitling it to a reversal, appellant
urges that the record of the facts shows that, as to the
first, the trial court abused its discretion, and as to the
second, there is no legal showing justifying it.  We pass
without discussion the second reason for granting the

[1]Reported in 210 Pac. 781.

new trial, which will probably not recur in the next trial.

As to the first ground, the record shows conflicting facts as to the negligence of appellant in the matter complained of. It also shows some physical injury, not merely "mental anguish," as urged by appellant, including some slight nervous disorders attributed by respondent wholly to his confinement.

Upon this condition of the record, we cannot say, as a matter of law, that the trial judge abused his discretion. He was there and heard the testimony and saw the witnesses. Upon motion for a new trial challenging the sufficiency of the evidence, he had the evidence to weigh and the judicial discretion reposed in him.

In such cases we have always refused to interfere. *Funk v. Horrocks*, 99 Wash. 397, 169 Pac. 805; *Nelson v. Washington Water Power Co.*, 100 Wash. 339, 169 Pac. 896.

Affirmed.

PARKER, C. J., BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.