[No. 18172. Department Two. January 4, 1924.]

WILLIAM ALBERTS, *Appellant*, v. RASHER, KINGMAN, HERRIN, *a corporation, Respondent.*[1]

APPEAL (406)—REVIEW—NEW TRIAL—DISCRETION. The discretion of the trial court in granting a new trial for insufficiency of the evidence will not be disturbed on appeal where there is a substantial conflict in the evidence.

Appeal from an order of the superior court for Spokane county, Blake, J., entered January 6, 1923, granting a new trial, after the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Neil C. Bardsley,* for appellant.

MITCHELL, J.—The appellant sued the respondent to recover the amount alleged to be due for goods sold and delivered. The answer of the respondent was a general denial. The jury returned a verdict for the appellant. The respondent moved for a new trial, setting up various statutory grounds therefor, among others, that the evidence was insufficient to justify the verdict. The motion was granted generally, the court assigning no reason therefor. From the order granting the new trial, this appeal has been taken.

The record presented to us shows that there was a positive conflict in the evidence at the trial. The decision on the appeal must be against the appellant, according to the often repeated rule in this state. In the case of *Faben v. Muir,* 59 Wash. 250, 109 Pac. 798, we said:

"In the early case of *Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907, this court announced the rule that it

[1] Reported in 221 Pac. 975.

would not disturb the order of a trial court granting a new trial on the ground that the evidence was insufficient to justify the verdict, where there was a substantial conflict in the evidence, and Mr. Hayne was quoted as saying that this rule had been announced more frequently than any other rule of practice. The rule has been adhered to by us ever since, and is now the established rule of practice governing appeals in such cases. *Hughes v. Dexter Horton & Co.*, 26 Wash. 110, 66 Pac. 109; *Welever v. Advance Shingle Co.*, 34 Wash. 331, 75 Pac. 863; *Latimer v. Black*, 24 Wash. 231, 64 Pac. 176; *Gregg v. Northern Pac. R. Co.*, 49 Wash. 183, 94 Pac. 911; *Angus v. Wamba*, 50 Wash. 353, 97 Pac. 246."

Recent cases to the same effect are: *Austrem v. American Savings Bank & Trust Co.*, 122 Wash. 399, 210 Pac. 781; *Sutherland v. Northern Pac. R. Co.*, 124 Wash. 413, 214 Pac. 823.

Affirmed.

MAIN, C. J., FULLERTON, BRIDGES, and PEMBERTON, JJ., concur.