[No. 20720.    Department One.    October 10, 1927.]

JOHN WINTER, *Appellant*, v. B. A. NEUMAN *et al.,*
*Respondents.*[1]

[1] APPEAL (406)—REVIEW—NEW TRIAL—DISCRETION. Where there
is a substantial conflict in the evidence, a new trial, granted on
general grounds, will not be disturbed on appeal.

Appeal from an order of the superior court for King
county, Frater, J., entered December 18, 1926, granting
defendant a new trial, after findings and judgment for
the plaintiff, in an action on contract, tried to the
court. Affirmed.

*Alex Wiley* and *Ev. Victoria Wiley,* for appellant.

*Paul Carrigan,* for respondents.

FRENCH, J.—Plaintiff brought action on a promis-
sory note, asking for the recovery of seven hundred
dollars, costs, and attorney's fees.    Defendants an-
swered, alleging that the promissory note was given
as the balance of the purchase price of a boat; and
by way of affirmative defense, alleged that the plaintiff
had represented, warranted, and guaranteed that the
boat and hull were seaworthy and in first class con-
dition, and further alleged that, by reason of the breach
of warranty, the defendants were damaged.

The cause came on for trial before the court without
a jury.    Certain trial amendments were proposed by
the defendants; evidence was admitted, a considerable
portion of which seems to have been admitted over the
objection of plaintiff.    The lower court took the case
under advisement, and thereafter rendered judgment
for plaintiff for the amount sued for.    Motion for a
new trial was made by the defendants, the grounds of
the motion being as follows:

[1]Reported in 259 Pac. 1083.

"(1) Irregularity in the proceedings of the court and abuse of discretion by which defendants were prevented from having a fair trial.

"(2) Accident and surprise which ordinary prudence could not have guarded against.

"(3) Error in the assessment in the amount of recovery in that the same was too large.

"(4) Insufficiency of the evidence to justify the decision and that the same is against law.

"(5) Error in law occurring at the trial and excepted to at the time by the defendants."

The order granting a new trial, omitting formal parts, is as follows:

"ORDERED, That the motion of the defendants for a new trial be and the same hereby is granted, and that the judgment in the above entitled cause be and the same hereby is set aside and held for naught and that the above entitled cause stand for trial in the usual course, unless the plaintiff should elect to have a special setting, whereupon the said cause will be specially set for hearing."

This is an appeal from the order granting a new trial.

[1] An examination of the statement of facts shows a substantial conflict in the evidence. This court has held, in an unbroken line of decisions, that, where a new trial is granted upon general grounds, as in this case, we will not disturb such order. *Angus v. Wamba,* 50 Wash. 353, 97 Pac. 246; *Austrem v. American Savings Bank & Trust Co.,* 122 Wash. 399, 210 Pac. 781; *Sutherland v. Northern Pacific R. Co.,* 124 Wash. 413, 214 Pac. 823; *Alberts v. Rasher, Kingman, Herrin,* 128 Wash. 32, 221 Pac. 975; *Adams v. Olson,* 132 Wash. 129, 232 Pac. 361; *Scott v. McAnally,* 135 Wash. 231, 237 Pac. 292.

Judgment affirmed.

MITCHELL, ASKREN, TOLMAN, and PARKER, JJ., concur.