[No. 21632. Department Two. May 9, 1929.]

THE STATE OF WASHINGTON, *Appellant*, v. PERRIN CORNELL, *Respondent*.[1]

*J. A. Adams*, for appellant.

*George H. Crandell* and *A. N. Corbin*, for respondent.

PARKER, J.—The defendant, Cornell, was charged by information filed in the superior court for Chelan county with the offense of unlawfully having in his possession a narcotic drug, which drug had been unlawfully acquired by him in Chelan county. Trial in the superior court, sitting with a jury, resulted in a verdict finding Cornell guilty as charged. His counsel then moved for a new trial upon the ground, among others, of "insufficiency of the evidence to justify the verdict." This motion was, by the court, granted, and

[1]Reported in 277 Pac. 458.

an order entered accordingly, awarding Cornell a new trial, and specifically reciting the granting of the motion to be upon the ground of "insufficiency of the evidence to justify the verdict." The state has appealed from that order to this court.

Since near the beginning of our statehood, a party to a civil action has had the right to appeal to this court from an order of the superior court, favorable to his adversary, "which grants a new trial." Rem. Comp. Stat., § 1716, subd. 6. This court has repeatedly held that the granting of a new trial upon the grounds stated in the motion and order here in question, rests in the discretion of the trial court, and that the exercise of such discretion will not be disturbed upon appeal, except there clearly appear an abuse of discretion on the part of the trial court in granting such motion. The following of our comparatively recent decisions, and many others therein noticed, are to that effect: *Getty v. Hutton,* 110 Wash. 429, 188 Pac. 497; *Boulton v. Seattle,* 114 Wash. 234, 195 Pac. 11; *Danielson v. Carstens Packing Co.,* 115 Wash. 516, 197 Pac. 617; *Shead v. Riser,* 136 Wash. 270, 239 Pac. 562; *Maddock v. McNiven,* 139 Wash. 412, 247 Pac. 467; *Applewhite v. Wayne, ante* p. 62, 277 Pac. 84.

By § 7, chapter 150, Laws of 1925, Ex. Ses., p. 423 (Rem. 1927 Sup., § 2183-1), our legislature gave the right of appeal in criminal actions to the state, as follows:

"The state may have a right of appeal to the supreme court, upon giving the same notice as is required of other parties, when the error complained of is based on the following: . . . (4) An order granting to any one, convicted by a jury, a new trial on any grounds; . . ."

A review of the evidence in this case, as abstracted by the prosecuting attorney in behalf of the state,

renders it quite convincing to us that the evidence was in such conflict and so unsatisfactory, touching the alleged guilt of Cornell, as to plainly show that the trial court did not abuse its discretion in granting him a new trial upon the ground stated. It seems plain to us that the discretion of the trial court in granting a new trial in this case is of the same nature and goes to the same extent as its discretion in granting a new trial in a civil action, and that, by analogy, the above cited of our decisions, to which many more might be added, are controlling in the disposition of this appeal.

The order granting to Cornell a new trial is affirmed.

MITCHELL, C. J., FRENCH, MILLARD, and MAIN, JJ., concur.