[No. 23157. Department One. November 16, 1931.]

ELIZABETH OWEN, *Respondent,* v. UNITED STATES CASUALTY COMPANY, *Appellant.*[1]

*Whittemore & Truscott,* for appellant.

*Fred G. Clarke,* for respondent.

MITCHELL, J.—This action was brought to recover on an accident insurance policy issued to Handel E. Owen, the beneficiary being the plaintiff in the action, alleging that the death of the assured resulted directly and independently of any and all other causes from bodily injuries effected solely through accidental means.

The accident was described in the complaint about as follows: That, while the assured was standing on the running board of an automobile, attempting to enter the same, it was struck by another automobile,

[1] Reported in 4 P. (2d) 1099.

throwing the assured violently to the pavement, causing injuries which immediately and continuously disabled him and caused his death, all within the life of the policy.

The answer denied that the injuries suffered by the assured in any way contributed to his death. The trial resulted in a verdict for the defendant, which upon motion of the plaintiff was set aside and a new trial granted, the order reading as follows:

"Now, THEREFORE, IT IS ORDERED that plaintiff's motion for new trial be, and it is hereby granted upon the ground and for the reason that the court is convinced and satisfied from the evidence, that substantial justice has not been done between the parties by the verdict of the jury; and that the evidence by its weight was contrary to the verdict of the jury, to which ruling the defendant excepts and defendant's exception is hereby allowed."

The defendant has appealed from the order.

We have consistently held against disturbing an order of the trial court granting a new trial when he is satisfied that substantial justice has not been done between the parties by the verdict of the jury, and that the verdict is against the weight of the evidence. Some of our cases upon that subject are *Alberts v. Rasher, Kingman, Herrin*, 128 Wash. 32, 221 Pac. 975; *Stickney v. Congdon*, 140 Wash. 670, 250 Pac. 32; *McKay v. General Accident, Fire and Life Assurance Corporation, Limited*, 163 Wash. 92, 299 Pac. 987.

On behalf of appellant, the rule is not denied, as we understand, but the contention is that there was no substantial evidence introduced in support of the allegation in the complaint that the accidental injuries to the assured caused his death.

The immediate cause of the death of the deceased was a tumor of the brain, evidently of the glioma

group, shown by an autopsy to have been located in front and to the left of the center of the brain, so that the question is whether there was substantial evidence that the tumor was caused by the accidental injuries.

On behalf of the respondent, the evidence tended to show that, prior to the accident, the assured was in fine condition, mentally and physically; that a few minutes after the accident he was taken to a physician who continued to treat him thereafter. The physician testified that there was a good deal of swelling around the left shoulder and a bruise on the left side of the face, and possibly other minor bruises; that he saw him the next morning, at which time the swelling had increased in his left shoulder; it was at that time found that the left arm was broken, that his left eye was swollen and the left side of his face getting black; that he saw him nearly every day thereafter because there was more or less pain and a good deal of swelling around his shoulder and the left side of his face around the eye and temple; that the assured constantly grew worse physically and mentally until his death, after which an autopsy was performed, the witness being present. According to appellant's abstract of the evidence, the physician testified that the autopsy disclosed a tumor in the brain,

" . . . I would say directly inside the area, central from the area where the bruise had taken place below his eye; that is, around the eye around here (indicating), back of the eye, I might say, where the black area was. The tumor was inside that portion of the brain on the left side of the brain."

And still further, he testified:

"Assuming that the tumor was a glioma, from the history of the case as I have known it, and assuming that he was thrown and did receive a blow on the 24th day of June, 1929, which severely bruised the left side

of his face and head, I think the blow caused the tumor."

Another physician who was personally acquainted with the assured, and who visited and examined him frequently after the accident, testified that the assured constantly grew worse mentally and physically; that he was present at the autopsy and "saw a tumor in the left front portion of the brain which was opened."

Then, after some discussion with the witness while testifying of brain tumors and of the writers upon that subject, the witness said: "Assuming that this tumor was a glioma, I believe that the immediate cause was the injury." And again, "From the history of Mr. Owen and my knowledge of him, I know of no other cause for this tumor than the accident."

Still another physician who was present at the autopsy, upon testifying of the presence of tumor mass in the brain, gave it as his opinion that it was a glioma tumor and said: "My opinion clinically is that the tumor I saw was the result of trauma, which means a blow or injury." The foregoing is, in substance, the testimony of physicians and surgeons examined and was substantial.

The order granting a new trial is affirmed.

TOLMAN, C. J., PARKER, BEELER, and HERMAN, JJ., concur.