[No. 30170. *En Banc.* March 26, 1948.]

THE STATE OF WASHINGTON, *Appellant,* v. HAROLD THEODORE BRENT, *Respondent.*[1]

[1] Reported in 191 P. (2d) 682.

*Alden B. Whelan,* for appellant.

*Edwards E. Merges,* for respondent.

*H. Sylvester Garvin, Ralph A. Horr, John M. Wilson, Arthur G. Dunn,* and *Glenn R. Madison, amici curiae.*

HILL, J.—After an Island county jury had found Harold Theodore Brent guilty of murder in the second degree, a motion for a new trial was interposed on five of the grounds enumerated in Rem. Rev. Stat., § 399 [P.P.C. § 78-3] (prior to its amendment in 1933), in the language of that section. All of these grounds except the first, which is not material here, are likewise grounds for a new trial under Rem. Rev. Stat., § 2181 [P.P.C. § 136-1], although the phraseology in several instances is quite different. The order granting a new trial stated the grounds on which it was entered as follows:

"It is therefore ORDERED, ADJUDGED and DECREED that the defendant's motion for new trial be and the same is hereby granted upon the following grounds: 1. Error of law occurring at the trial; 2. The verdict is contrary to the law and evidence."

The state appealed, contending that the order could not be sustained on either of the grounds assigned. A Departmental opinion reversing the order granting a new trial was filed July 24, 1947. *State v. Brent*, 28 Wn. (2d) 501, 183 P. (2d) 495. The facts are fully set forth therein and will not be repeated here.

After a rehearing *En Banc*, we are unanimously of the view that the Departmental opinion is correct in so far as it determines that no error of law occurred which warranted the granting of a new trial. We approve and adopt the statement and reasoning of the Departmental opinion in disposing of that issue and in its discussion of the question of newly discovered evidence.

■ We agree with the respondent that the statute applicable to the motion for a new trial in a criminal case was Rem. Rev. Stat., § 2181, and that the discussion of Rem. Rev. Stat., § 399, and the 1933 amendment thereof, was not relevant; and the majority of the court does not adhere to the conclusions reached by Department No. 2 of this court in the law point numbered five of its opinion (28 Wn. (2d) 501, 511), being law points numbered five, six, and the first paragraph of seven, as reported in 183 P. (2d) 495, 500. The writer of the Departmental opinion doubtless was misled by the fact that respondent's motion for a new trial obviously was based on Rem. Rev. Stat., § 399 (prior to the amendment of 1933), and used the language of that section in setting forth the first, third, fourth, seventh, and eighth causes for a new trial, as set forth therein, as the five grounds on which he based his motion for a new trial.

As previously indicated, there is considerable difference between the phraseology of Rem. Rev. Stat., § 399, both before and after its amendment in 1933, and that of Rem. Rev. Stat., § 2181. For example, respondent asked for a new trial on the ground of "Insufficiency of the evidence to

justify the verdict, or that it is against law," which was substantially the seventh cause for a new trial as set forth in Rem. Rev. Stat., § 399, prior to the 1933 amendment; whereas the corresponding cause as set forth in Rem. Rev. Stat., § 2181, is No. 6 and reads as follows:

"When the verdict is contrary to law and evidence; but not more than two new trials shall be granted for these causes alone."

This was one of the grounds on which the trial court based its order for a new trial.

█ We have never discussed the significance of the combination of "law and evidence" in this ground for a new trial, but there is no intimation in any case that the verdict must be contrary to both the law and the evidence in order to constitute a cause for a new trial. "Law," as used in the ground for a new trial now under consideration, applies only to cases in which it can be seen that the verdict of the jury was contrary to the law as laid down by the court, or, in other words, against instructions. 1 Hayne, New Trial and Appeal (Rev. ed.), 480, § 99.

The verdict here was clearly not contrary to law, and we are concerned only with the question of whether the trial court could hold that it was contrary to the evidence.

█ The phrase "contrary to the evidence" seems to us synonymous with "against the weight of the evidence." This was recognized in the early case of *Tacoma v. Tacoma Light & Water Co.*, 16 Wash. 288, 47 Pac. 738, in which this court was of the opinion that the trial court had erred in not granting a new trial; but on rehearing we affirmed the trial court's refusal to grant a new trial. See *Tacoma v. Tacoma Light & Water Co.*, 17 Wash. 458, 50 Pac. 55. And in *Estate of Zaring*, 77 Cal. App. (2d) 294, 175 P. (2d) 276, it was said that the term "that the verdict is contrary to the evidence" is just another way of saying that the evidence was insufficient to justify the verdict. We have through the years used the phrases "against the weight of the evidence" and "insufficiency of the evidence" interchangeably in passing on the question of the right to a new

trial. See *Daigle v. Rudebeck,* 154 Wash. 536, 282 Pac. 827; *Leach v. Erickson,* 161 Wash. 473, 297 Pac. 738; *Dyal v. Fire Companies Adjustment Bureau,* 23 Wn. (2d) 515, 161 P. (2d) 321; *McClintock v. Allen, ante* p. 272, 191 P. (2d) 679.

■ It has been held that an order granting a new trial will not be disturbed on appeal except for an abuse of discretion, where the ground on which the new trial is granted is that "the verdict is contrary to the evidence" (*Western Asphalt Co. v. Valle,* 25 Wn. (2d) 428, 171 P. (2d) 159) or "the verdict is against the weight of the evidence" (*Rotting v. Cleman,* 12 Wash. 615, 41 Pac. 907; *Clark v. Great Northern R. Co.,* 37 Wash. 537, 79 Pac. 1108; *Sturtevant Co. v. Fidelity & Deposit Co.,* 92 Wash. 52, 158 Pac. 740; *Getty v. Hutton,* 110 Wash. 429, 188 Pac. 497; *Stickney v. Congdon,* 140 Wash. 670, 250 Pac. 32; *Owen v. United States Cas. Co.,* 165 Wash. 251, 4 P. (2d) 1099; *Field v. North Coast Transp. Co.,* 168 Wash. 515, 12 P. (2d) 749; *Eastwood v. Seattle,* 169 Wash. 680, 14 P. (2d) 1116; *Bowser v. Seattle,* 186 Wash. 550, 59 P. (2d) 294; *State v. Elliott,* 6 Wn. (2d) 393, 107 P. (2d) 927; *Stuckrath v. Schwarz,* 10 Wn. (2d) 1, 115 P. (2d) 974) or "insufficiency of the evidence to justify the verdict" (*Rotting v. Cleman, supra; Welever v. Advance Shingle Co.,* 34 Wash. 331, 75 Pac. 863; *Clark v. Great Northern R. Co., supra; Sturtevant Co. v. Fidelity & Deposit Co., supra; Funk v. Horrocks,* 99 Wash. 397, 169 Pac. 805; *McCabe v. Lindberg,* 99 Wash. 430, 169 Pac. 841; *Alberts v. Rasher, Kingman, Herrin,* 128 Wash. 32, 221 Pac. 975; *State v. Cornell,* 152 Wash. 120, 277 Pac. 458; *Leach v. Erickson, supra; Kimball v. Moore,* 18 Wn. (2d) 643, 140 P. (2d) 498; *Henry v. Larsen,* 19 Wn. (2d) 690, 143 P. (2d) 841).

Where the evidence is in substantial conflict upon a controlling issue in a case, it cannot be said that there is any abuse of discretion by the trial court in granting a new trial upon any of these grounds. This proposition is supported by practically all of the cases heretofore cited.

■ And a much stronger showing of an abuse of discretion will ordinarily be required to set aside an order granting a new trial than one denying a new trial. *McKay v. General Accident, Fire & Life Assur. Corp.,* 163 Wash.

92, 299 Pac. 987; *Ahrens v. Anderson,* 186 Wash. 182, 57 P. (2d) 410.

 Most of the citations *supra* are civil cases, as appeals from orders granting new trials in criminal cases are relatively few. The state had no right of appeal from such orders prior to 1925. See *State v. Johnson,* 24 Wash. 75, 63 Pac. 1124. Apparently, the first time such an appeal was taken after the enactment of the statute authorizing it (Rem. Rev. Stat., § 2183-1 [P.P.C. § 5-3]) was in *State v. Cornell, supra.* In that case, the state appealed from an order granting a new trial for insufficiency of the evidence to justify the verdict. The court was there at some pains to make clear that, by analogy, the rules of the civil cases would be applied to appeals in criminal cases from orders granting new trials on the ground of the insufficiency of the evidence to justify the verdict. The court there said:

"This court has repeatedly held that the granting of a new trial upon the grounds stated in the motion and order here in question, rests in the discretion of the trial court, and that the exercise of such discretion will not be disturbed upon appeal, except there clearly appear an abuse of discretion on the part of the trial court in granting such motion. The following of our comparatively recent decisions, and many others therein noticed, are to that effect: [Citing cases.]

". . . It seems plain to us that the discretion of the trial court in granting a new trial in this case is of the same nature and goes to the same extent as its discretion in granting a new trial in a civil action, and that, by analogy, the above cited of our decisions, to which many more might be added, are controlling in the disposition of this appeal.

"The order granting to Cornell a new trial is affirmed."

We have found but twenty-eight cases in which this court has reversed orders granting new trials, and we will briefly refer to all of them.

In each of five cases, we held that the plaintiff had not established any cause of action and that, there being nothing to submit to a jury, the case should be dismissed. *Dunkle v. Spokane Falls & Northern R. Co.,* 20 Wash. 254, 55 Pac. 51; *Grass v. Seattle,* 100 Wash. 542, 171 Pac. 533; *Sellman v. Hess,* 15 Wn. (2d) 310, 130 P. (2d) 688; *Kalinowski v. Y. W.*

*C. A.*, 17 Wn. (2d) 380, 135 P. (2d) 852; *Fritz v. Horsfall*, 24 Wn. (2d) 14, 163 P. (2d) 148. And in one case which had been tried to the court, the plaintiff having failed to establish a cause of action, the order granting a new trial was reversed and the case dismissed. *Sharp v. Greene*, 22 Wash. 677, 62 Pac. 147.

In four cases, where new trials had been granted on the ground of newly discovered evidence, we held either that there had not been due diligence in making the discovery or that the newly discovered evidence did not warrant a new trial. *Galena Nat. Bank v. Ripley*, 55 Wash. 615, 104 Pac. 807, 26 L. R. A. (N.S.) 993; *Peoples v. Puyallup*, 142 Wash. 247, 252 Pac. 685; *Gross v. Department of Labor & Industries*, 177 Wash. 675, 33 P. (2d) 376; *State v. Douglas*, 193 Wash. 425, 75 P. (2d) 1005.

In three cases, the granting of new trials had been based on misconduct of jurors or the prevailing party, which misconduct we held was not of such character as to warrant new trials. *Maryland Cas. Co. v. Seattle Electric Co.*, 75 Wash. 430, 134 Pac. 1097; *Herndon v. Seattle*, 11 Wn. (2d) 88, 118 P. (2d) 421 ("Erroneous instructions" was also one of the grounds assigned for a new trial in this case, but we held that there was no error in the instructions); *Sun Life Assur. Co. v. Cushman*, 22 Wn. (2d) 930, 158 P. (2d) 101.

In one case, where the trial judge had granted a new trial because of excessive damages, the plaintiff having refused to accept the alternative offered of a reduction in the verdict from seventy-nine hundred to five thousand dollars, we held that the damages were not excessive. *Pierce v. Seattle Electric Co.*, 78 Wash. 167, 138 Pac. 666.

In three cases, where the new trials had been granted on the ground of "accident and surprise which ordinary prudence could not have guarded against," we held that the showing made by affidavits (which could be "as correctly inspected by the appellate court as by the judge who tried the cause") did not show ordinary prudence, or that the ground had been waived by failure to request a continuance. *Pincus v. Puget Sound Brewing Co.*, 18 Wash. 108, 50 Pac. 930; *Reeder v. Traders' Nat. Bank*, 28 Wash. 139,

68 Pac. 461; *Jensen v. Spokane Falls & Northern R. Co.*, 51 Wash. 448, 98 Pac. 1124.

In seven cases, the granting of the new trials had been on grounds which involved questions of law and not questions of fact, and within this category would fall new trials granted for supposedly erroneous instructions and rulings on the admissibility of evidence. *Gardner v. Lovegren*, 27 Wash. 356, 67 Pac. 615; *Gray v. Washington Water Power Co.*, 27 Wash. 713, 68 Pac. 360; *Leo Kee v. Wah Sing Chong*, 31 Wash. 678, 72 Pac. 473; *Lawrence v. Pederson*, 34 Wash. 1, 74 Pac. 1011; *Tham v. Steeb Shipping Co.*, 39 Wash. 271, 81 Pac. 711; *Armstrong v. Musser Lbr. & Mfg. Co.*, 43 Wash. 584, 86 Pac. 944; *Grant v. Huschke*, 70 Wash. 174, 126 Pac. 416.

Two cases are somewhat difficult to classify. In *Burnham v. Spokane Mercantile Co.*, 18 Wash. 207, 51 Pac. 363, the judge who heard the case denied a motion for a new trial; thereafter, his successor in office vacated the order denying a new trial and proceeded to consider the motion for a new trial, and to grant the same. We there held that after the denial of a motion for a new trial, neither the judge making the order nor his successor has jurisdiction to consider a like motion based upon the same grounds and the same facts. In *Pealer v. Grays Harbor Boom Co.*, 54 Wash. 415, 103 Pac. 451, a new trial was granted because of an erroneous instruction, but, since it was an equitable action and the verdict of the jury was advisory only and the trial judge was satisfied with the verdict, we held that "it would be an idle thing to send the cause back for a retrial."

Only two of the cases referred to have a bearing on the problem here under consideration. One of these is *Peterson v. Northwestern Mut. Life Ins. Co.*, 134 Wash. 172, 235 Pac. 15. This was an action commenced on September 19, 1923, on an insurance policy which expired by its terms on August 20, 1919. The beneficiary claimed that the insured died prior to August 20, 1919, relying upon the presumption of death after an absence of seven years. There was a verdict for the defendant, and one of the grounds on which a new

trial was granted was insufficiency of the evidence to justify the verdict. We there said:

"To sustain the ruling of the trial court, the respondent relies upon that class of cases which hold that, where the evidence is in substantial conflict and the trial court grants a new trial, this court will not disturb the holding in the absence of an abuse of discretion. *Austrem v. American Sav. Bank & Trust Co.*, 122 Wash. 399, 210 Pac. 781; *Alberts v. Rasher, Kingman, Herrin*, 128 Wash. 32, 221 Pac. 975. There are a number of other cases to the same effect, but it is unnecessary to assemble them here. *The facts in the present case do not bring it within that rule. Here the evidence was not in conflict.* With the exception of one witness, it was all taken on depositions. The question which the jury had to determine was not as between two conflicting lines of testimony, but whether there were facts and circumstances shown by the evidence from which it could properly be inferred that Mr. Peterson died before August 20, 1919, the date when the term of the policy expired. . . . .

"Whether the facts are sufficient to take the question to the jury as to whether Mr. Peterson died prior to the expiration of the policy, it is not necessary here to determine. The facts, however, are such that the trial court was not justified in setting aside the verdict of the jury. As stated, the evidence was by deposition, with the exception of one witness, and the facts were not in dispute. The inference which the jury drew in finding for the defendant should not be disturbed." (Italics ours.)

The court recognized the rule to be as we have stated it but distinguished the *Peterson* case on the basis that the evidence was not in conflict. Even so, Judge Parker dissented, saying:

"I cannot concur in the view that the trial court abused its discretion in awarding a new trial. I can hardly conceive of a court abusing its discretion in awarding a new trial on the ground that the verdict is against the weight of the evidence, except possibly when the evidence conclusively calls for the verdict rendered. I therefore dissent."

After a comprehensive search, we feel safe in saying that the remaining case, *Thomas & Co. v. Hillis*, 70 Wash. 53, 126 Pac. 62, is the only one that can be found in which we have ever set aside an order granting a new trial on the

ground of the insufficiency of the evidence to justify the verdict, or on the ground that the verdict was against the weight of the evidence or was contrary to the evidence, where there was substantial conflict in the evidence on any controlling issue in the case. The unusual situation presented in that case is best stated in the words of the opinion herewith quoted:

"A brief statement of the history of this case is necessary. At the first trial, Honorable Wilson R. Gay presiding, a verdict was returned in favor of the defendants. A motion for a new trial was interposed by the plaintiff, and was granted by the court upon the ground that the evidence was insufficient to sustain the verdict. On appeal, the order granting a new trial was affirmed (*Thomas & Co. v. Hillis,* 64 Wash. 288, 116 Pac. 854, to which reference may be had for a statement of the facts). Upon remand, the case came . on for trial before the Honorable John F. Main, and the jury returned a verdict in favor of the plaintiff. Whereupon defendants filed a motion for a new trial. This motion was sustained 'upon the ground and for the reason of the insufficiency of the evidence to justify the verdict, and because the verdict is against the evidence and the law.' From this order, the present appeal is taken."

We there said:

"Addressing ourselves to the first ground relied upon to sustain the judgment, the only question is whether, admitting the rule just referred to, the present order granting a new trial was, considering the history of this case, an abuse of discretion. It seems to us that it is so. The order was not made upon the ground of surprise or newly discovered evidence, but upon the same ground that moved the court to grant a new trial after the first verdict; that is, insufficiency of the evidence to sustain the verdict. The effect of the first order and its affirmation by this court was that, in the judgment of the court, the evidence was insufficient to sustain a verdict for defendants, but was sufficient to sustain a verdict for the plaintiff. Now, upon a retrial in the same court upon substantially the same evidence and it being conflicting, a verdict for the plaintiff was returned. It would seem that there should be a time when the question of the insufficiency of the evidence to sustain a verdict is foreclosed.

"While the rule is that, 'in the absence of statutory prohibition, it seems that there is no limit to the number of

new trials which may be granted in a cause upon proper grounds,' it is only applied generally when errors of law are complained of, for the text just quoted (14 Ency. Plead. & Prac., pp. 992, 993), continues: 'But a distinction is made where the judge disagrees with the jury on questions of fact.' While it is true that a different judge presided at the last trial, in theory and within the intendment of the law the trial occurred in the same court. This rule must apply. Otherwise, if a retrial occurred before a different judge, the law of the case as determined by the appellate court would never be settled. In holding that the discretion of a trial judge, when exercised in the matter of granting a new trial on the ground of insufficiency of the evidence to sustain the verdict, will not be reviewed unless an abuse of discretion be made to appear, we have said no more than this; that we will not overrule the judgment of the trial judge if by proper reference to the statement of facts it is clear that there is a conflict of evidence. If the court finds that there is, although in its judgment the weight may be against the holding of the trial judge, it will not control his discretion. *But where a case comes to this court after a second trial, it would seem that a more positive duty is put upon us; that is, to ascertain from the whole record whether it is more probable that the court is correct in its holding than is the verdict of the jury.* Now, there being a substantial conflict in the testimony, and being unable to say that the verdict of the jury is not sustained by a preponderance of the evidence, we are of opinion that it should prevail.

"The trial judge found also that the verdict was contrary to the evidence and against the law. While this finding is embodied in the judgment, it can hardly be asserted with any show of reason that the judgment was contrary to the evidence; for, if the court found as a fact indeed that the verdict was contrary to the evidence, he would have granted defendants' motion for judgment *non obstante.* We take it, therefore, that the trial judge based his order solely on the ground that, in his judgment, the testimony of the plaintiff was insufficient to sustain the verdict." (Italics ours.)

From the foregoing quotation, it is clear that the decisive circumstance in this case was the fact that this was the second time that the verdict of the jury had been set aside on substantially the same evidence. It is to be noted,

however, that the granting of two successive new trials because of the insufficiency of the evidence is upheld in *McCabe v. Lindberg*, 99 Wash. 430, 169 Pac. 841.

The case of *Funk v. Horrocks*, 99 Wash. 397, 169 Pac. 805, is indicative of the extent to which we have gone in upholding the right of the trial court to grant a new trial on such grounds as those with which we are here concerned:

"No error occurring at the trial and excepted to at the time is pointed out or apparent. The order must, therefore, have been based upon insufficiency of the evidence to justify the verdict. Upon this, while we have not had the advantage of seeing the witnesses and hearing them testify and of judging their credibility and virtue, upon the record thereof and a long-distance consideration of the conduct of the respondent on the day in question, and his general offensive and ruffianly disposition and demeanor as disclosed by the testimony, we should be very decidedly inclined to disagree with the view that the evidence was in any respect insufficient, but would, on the contrary, be emphatically of the opinion that it was overwhelmingly sufficient to justify the verdict.

"However, there was a decided conflict in the evidence upon the chief issues. . . .

"We have repeatedly held that the granting of a new trial is within the discretion of the trial court, and his ruling will not be disturbed on appeal where no abuse of such discretion appears. [Citing many cases, concluding with *Sturtevant Co. v. Fidelity & Dep. Co.*, 92 Wash. 52, 158 Pac. 740, L. R. A. 1917C, 630.]

"In the case last cited, we held that, where the evidence is in substantial conflict upon any controlling issue in the case, it cannot be said that there is any abuse of discretion by the trial court in granting a new trial on the ground that the verdict is against the evidence. Hence, much as we are inclined to disagree with His Honor, the trial judge, as to the weight of the evidence, the discretion to be exercised judicially was initially his, and possibly his greater advantage in weighing the evidence at close range guided his discretion and his judgment. At all events, we do not feel justified in declaring that his order was the result of a clear abuse of discretion.

"Unfortunate as it may be for the appellant to be forced

to submit to continued litigation of the cause, we see no escape therefrom."

That the rules on which we here rely are of long standing, is evidenced by the statement in *Stickney v. Congdon*, 140 Wash. 670, 250 Pac. 32:

"In the case of *Alberts v. Rasher, Kingman, Herrin*, 128 Wash. 32, 221 Pac. 975, we quoted with approval from *Faben v. Muir*, 59 Wash. 250, 109 Pac. 798, as follows:

" 'In the early case of *Rotting v. Cleman*, 12 Wash. 615, 41 Pac. 907, this court announced the rule that it would not disturb the order of a trial court granting a new trial on the ground that the evidence was insufficient to justify the verdict, where there was a substantial conflict in the evidence, and Mr. Hayne was quoted as saying that this rule had been announced more frequently than any other rule of practice. The rule has been adhered to by us ever since, and is now the established rule of practice governing appeals in such cases.' "

It is frequently urged that this power of a trial court to grant a new trial where there is substantially conflicting evidence could, by the granting of successive motions, render nugatory the right of trial by jury. That unquestionably is the reason that Rem. Rev. Stat., § 2181, provides that not more than two new trials shall be granted on the ground that "the verdict is contrary to law and evidence." There is no such limitation in Rem. Rev. Stat., § 399 (now Rem. Rev. Stat. (Sup.), § 399), on the granting of new trials for insufficiency of the evidence to justify the verdict. We gave very serious consideration to the problem of successive new trials under the latter statute in *McCabe v. Lindberg, supra*, in which we affirmed an order granting a second new trial. Our own case of *Thomas & Co. v. Hillis, supra*, was considered in the light of decisions from other states holding that there is no rule of law limiting the number of times that a judge may set aside a verdict as against the evidence, and where the granting of two or more new trials upon the ground of insufficiency of the evidence to sustain the verdict had been upheld. In that case (*McCabe v. Lindberg, supra*), we quoted from *Morris v. Warwick*, 42 Wash. 480, 85 Pac. 42, as follows:

" 'But it will be observed that it does not authorize the court to take the case from the jury and make a final determination of the issues itself; but that, acting on the supposition that substantial justice has not been done by reason of some mistake or inadvertence of the jury, simply gives the parties another trial. As to how often the court would be justified in granting a new trial on the same testimony in the same case, is a question to be determined by the appellate court in passing upon the proper exercise of such discretion on the part of the trial court. Under the theory of the law, however, the ultimate decision upon the question of fact involved is the province of the jury' ";

and then we said:

"From these observations we think we can gather the true rule for determining the proper construction to be given statutes such as ours, and that is, that the power of the trial judge to grant a new trial upon the ground of insufficiency of the evidence to justify the verdict is not limited or exhausted by the granting of one new trial, but that this court, on passing upon the discretion of the lower courts in granting successive new trials, will review the whole record with a view of ascertaining, 'whether it is more probable that the court is correct in its holding than is the verdict of the jury,' having in mind that, in all jury trials, the ultimate decision of every question of fact must rest with the jury, and that there must come a time when, under the constitutional guarantee of trial by jury, the verdict of the jury upon controverted questions of fact must end the litigation, each party having had the benefit of a fair hearing under the established forms of law, and the jury having been advised as to every principle of law applicable to the case.

"Applying this rule to the record before us, we find no clear abuse of discretion on the part of the lower court in granting a second new trial, and the order is affirmed."

For a more recent discussion of the matter of successive new trials, see *Bond v. Ovens*, 20 Wn. (2d) 354, 147 P. (2d) 514.

The problem of successive new trials has no place in the consideration of the instant case, as it has been tried but once. We have, however, discussed it at some length because the only case in which an order granting a new trial on the ground of the insufficiency of the evidence to sus-

tain the verdict has ever been reversed in this state, where there was a substantial conflict in the evidence, was *Thomas & Co. v. Hillis, supra,* which involved a second new trial on the same grounds.

■ The trial court said that this "case was very close," with which statement the Departmental opinion agreed and so does the entire court. There being a substantial conflict in the evidence upon controlling issues, a majority of the court has taken the position that, while it does not believe that the verdict is contrary to either the law or the evidence, it cannot say that the trial judge abused his discretion in granting a new trial on the ground that it was contrary to the evidence.

The order granting a new trial is affirmed.

BEALS, MILLARD, SIMPSON, and SCHWELLENBACH, JJ., concur.

MALLERY, C. J., STEINERT, and JEFFERS, JJ. (dissenting)— We adhere to the Departmental opinion in this case, written by Judge Robinson and reported in 28 Wn. (2d) 501, 183 P. (2d) 495.