FILED
SEPTEMBER 28, 2017
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34523-8-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN PAUL WHITE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — The State appeals from an order granting a new trial to Steven White following a jury's determination that he had committed second degree robbery. Discerning no abuse of discretion, we affirm.

FACTS

The State charged White with one count of second degree robbery of a Subway restaurant on the near north side of Spokane on December 18, 2015. The matter proceeded to jury trial before the Honorable Maryann Moreno of the Spokane County Superior Court.

The issue at trial was the identity of the robber. White had been apprehended by police at the end of an alley five blocks directly west of the Subway store a few minutes after the robbery. The store's parking lot is at the east end of the alley, and Mr. White

was arrested at the alley's western terminus at Maple Street. Scattered snow littered the alley and parking lot.

Shoe prints close to the east side of the alley matched the shoes Mr. White wore and he was arrested possessing only a few dollars more than was taken from the till; a roll of pennies was also in his possession. The shirt worn by the robber was eventually found in a garbage receptacle along the alley. When driven to the scene of the arrest, the employee who had been robbed did not think White was the robber.

Three different videos captured the interior scenes of the robbery from different angles. A fourth video showed the parking lot and briefly depicts the robber walking in to the building and walking out of it toward the general direction of the alley. The four videos were all copied to a DVD admitted as exhibit P-22. Only the three interior videos were admitted at trial. The State lacked a foundation witness to offer the exterior video and it was withdrawn after defense objection. The three interior videos were played during trial. The existence of the fourth video was revealed during trial when the defense questioned an officer about not having viewed it.

In closing, the defense challenged the adequacy of the police investigation and the circumstantial case of identity. Defense counsel expressly told the jury that the exterior video was "certainly a missing piece of evidence, right? It's a huge piece of evidence: Where did these people go?" Report of Proceedings (RP) at 356. Exhibit P-22 was

transmitted to the jury along with the other exhibits admitted into evidence. The prosecutor belatedly remembered that the fourth track was still on the exhibit and the court retrieved P-22 from the jury. It was uncertain whether the jury had viewed the exhibit. However, the bailiff had demonstrated for the jurors how to use the equipment provided to view the DVD.[1]

The parties discussed a remedy for the situation and the court ultimately instructed the jurors to disregard track four if they had viewed it. A corrected exhibit was provided for the jury to view. RP at 379-380. The jury ultimately returned a verdict of "guilty" on the robbery charge. The defense moved for a new trial.

The trial court struggled with the matter, noting that the jury was aware of the existence of the fourth video and, thus, it was not truly extrinsic evidence. However, "it really is in sharp contrast with what the defendant was arguing." RP at 401. Recognizing that she had been flipping back and forth on the matter, Judge Moreno noted that Mr. White was facing a significant amount of jail time and that the rule of lenity suggested that a new trial was in order. She therefore granted the motion.

The State timely appealed that decision to this court. A panel heard oral argument.

---

[1] Anyone putting the DVD in a video player will see the four tracks identified and need to click on the track to view it. The fourth track was entitled, "Outside-Back Door." Ex. P-22.

ANALYSIS

The sole issue presented by this appeal is whether the trial court erred in granting

the new trial. We conclude the court did not abuse its considerable discretion.

A trial court's decision to grant a new trial is reviewed for abuse of discretion.

*State v. Marks*, 71 Wn.2d 295, 302, 427 P.2d 1008 (1967). Discretion is abused when it is

exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*,

79 Wn.2d 12, 26, 482 P.2d 775 (1971). "The question is not whether this court would

have decided otherwise in the first instance, but whether the trial judge was justified in

reaching his conclusion." *State v. Taylor*, 60 Wn.2d 32, 42, 371 P.2d 617 (1962). It long

has been the rule that a decision granting a new trial is accorded a higher level of

deference than a decision denying a new trial. *State v. Hawkins*, 181 Wn.2d 170, 179-180,

332 P.3d 408 (2014) (citing *State v. Brent*, 30 Wn.2d 286, 191 P.2d 682 (1948)).

The State makes several arguments in support of its appeal, beginning with the

fact that the trial court never determined that any jurors actually saw the fourth video.

Although we agree that the trial court should have determined after trial[2] whether any

---

[2] The trial court understandably did not want to raise this issue during trial, but any concerns about intruding on jury deliberations did not exist once the verdict was returned. Affidavits or testimony from jurors, and perhaps the bailiff, might well have settled the factual question of whether anyone viewed the video. That would have been a proper subject of inquiry, although the effect of the video on the jurors would have inhered in the verdict and could not be considered. *E.g.*, *Gardner v. Malone*, 60 Wn.2d 836, 376 P.2d 651 (1962).

jurors actually viewed the excluded track, we do not agree that is the correct focus for this appeal. The fact that a video existed was known to the jurors from trial testimony. The fact that it was not "missing evidence" (as argued by defense counsel) was not known.[3] Once exhibit P-22 was placed in the video machine, the presence in the courtroom of that "huge piece" of "missing" evidence was known to the jury from the track listings. Whether or not any jurors actually viewed the video, they knew that defense counsel's argument that it was "missing" was erroneous and his credibility was undercut.

For similar reasons, the prosecutor's argument that the jury knew of the video and, hence, the disclosure on P-22 could not be extrinsic evidence, fails. Even if knowledge of the *existence* of the video was not extrinsic evidence, the *presence* of the video in the courtroom was extrinsic.

The State also complains that the trial court erroneously relied on the "rule of lenity" in reaching its decision. That doctrine requires that ambiguous statutes be construed in favor of the criminal defendant. *E.g.*, *State v. McGee*, 122 Wn.2d 783, 787, 864 P.2d 912 (1993). We agree that the doctrine had no play here since the trial court was not construing a statute, but we do not agree that the trial court misapplied the concept.

---

[3] With the benefit of hindsight, discussion and argument concerning the video probably should have been prohibited once the evidence was suppressed.

We believe the trial court was simply recognizing that this was a close call and was expressing the view that a new trial was in order so that the defendant would not suffer from an ambiguous situation. It is not unlike the old baseball axiom that "the tie goes to the runner." There is no such rule in the baseball rulebook, but there is a requirement that the defense clearly put the runner out at first base by the ball beating him to the bag. *See* MAJOR LEAGUE BASEBALL, OFFICIAL BASEBALL RULES r. 5.09(a)(10), at 42 (2017 ed.).[4]

Finally, the State contends that Mr. White has not established that he was prejudiced by the video under these facts. Although there is little of evidentiary value in the video, it does support the prosecution's view that the robber headed toward the alley upon leaving the restaurant. It also seriously undercut the defense theory that the police failed to connect the alley to the flight of the robber. If any jurors saw the video, it was prejudicial to the defense theory.

For all of these reasons, we believe the trial court had a tenable basis for granting the new trial. The presence of the "missing" video was more detrimental to the defense than the contents of the video were. Defense counsel's credibility was undercut, as was

---

[4] http://mlb.mlb.com/documents/0/4/0/224919040/2017_Official_Baseball_Rules_dbt69t59.pdf [https://perma.cc/6YXD-BCT8].

the defense theory of inadequate investigation. Accordingly, the trial court did not abuse

its considerable discretion by ordering the new trial.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Korsmo, J.

WE CONCUR:

Siddoway, J.

Pennell, J.